FOSTER
v
TRULL.

FOSTER *against* TRULL.

WOODFORD *against* THE SAME.

Process cannot be proved by parol, but the process itself must be produced, or a sworn copy, and if the original be lost, it must be accounted for.

Where A. and B. have suits for false imprisonment, depending against each other, an agreement to discontinue their respective suits, and an actual discontinuance, are a good accord and satisfaction.

The discontinuance of the suits may be proved by other evidence besides the production of the minutes of the court.

THESE were actions of *assault* and *battery*, and *false imprisonment*, tried at the *Onondaga* circuit, in *June* last, before Mr. Justice VAN NESS.

It was proved that the defendant, *Trull*, who was a captain in the army of the *United States*, in consequence of his having suffered, in an attempt to remove the plaintiffs and others, out of a house in which they lodged, and where they were making a noise and disturbance, ordered a sergeant, one *Trueman Curtis*, with sixteen soldiers, armed with muskets and bayonets, to arrest the plaintiffs and others, and confine them in the military guard house. The order of the defendant was executed, and the plaintiffs were confined in the guard house, from 11 o'clock at night, until the next morning.

The defendant proved that actions of *assault* and *battery*, and *false imprisonment*, had been brought in the court of Common Pleas, of the county of *Onondaga*, by each of the above plaintiffs, against the defendant, and *Trueman Curtis*, in which they had been arrested by the sheriff, and the writs returned, "*taken*;" copies of which writs were produced; and the defendant also produced writs issued out of the same court, in favour of *Trueman Curtis*, against each of the plaintiffs, for an assault and battery and false imprisonment, with the sheriff's return of *cepi eorpus* thereon endorsed; and which suits were brought by *Curtis* for false imprisonment, under pretence of the other suits. *Curtis* testified that he acted as a principal, and gave orders, under *Trull*, in the arrest and imprisonment of the plaintiffs, for which the present suits were brought.

The defendant then offered to prove, by *Curtis*, that he had been sued by the plaintiffs, severally, for the same false imprisonment, but no writs were produced. This evidence was objected to; but admitted, subject to the opinion of the court. *Curtis* testified, that he and *Foster*, one of the plaintiffs, came to a settlement of both of the above suits, and of the several suits of the plaintiffs against him. On which settlement, *Foster* paid

*Curtis* 40 dollars. A memorandum of the settlement, signed by *Foster*, was produced, and was as follows : " This is to certify, that the suits commenced by me, and *Solomon Woodford*, against *Trueman Curtis*, (*Marsh* and *Rice*, attornies,) are discontinued and discharged, which I bind myself, my heirs and representatives, never to prosecute for the same. *Manlius*, 27th of *May*, 1813. *S. M. C. Foster*." It was also proved, that *Curtis* directed his attorney to discontinue the suits in his favour, against the plaintiffs, and that they were stopped, and *Curtis* paid the costs of prosecution. This evidence was objected to, without the records of the court being produced, but admitted, subject to the opinion of the court. It was proved by *Curtis* and *Foster*, that since the settlement of the suits, *Woodford*, on being informed of it, said it was correct, and that he was glad of it, and approved of what *Foster* had done. The defendant also offered to prove that Mr. *Rice* issued writs in favour of *Foster* and *Woodford*, severally, against *Curtis*, and that he was arrested on them, which was objected to, unless the writs or records were produced, or it was shown that they were lost; but the testimony was admitted, subject to the opinion of the court,

*Sill*, for the plaintiffs, contended, 1. That the pendency of the suits against *Curtis*, and the discontinuance of the suits by him, ought to have been proved by the record, and not by parol,* 

2. That the pretended settlement was no more than an accord, without a satisfaction, and, therefore, no bar.†

*Wendell*, contra, insisted, that there was evidence of a complete accord and satisfaction; that a reasonable satisfaction was sufficient, especially in the case of a *tort*.‡

YATES, J., delivered the opinion of the court. There can be no question, that parol proof, respecting the existence of process issued out of a court, is inadmissible. The process itself must be produced, or a sworn copy ; and if the original is lost, it ought to be accounted for. It is somewhat extraordinary that this was not done on the trial of these causes. There are strong reasons to believe, that the writs which were issued in the various suits first commenced by those parties against each other, with the sheriff's return endorsed, were never filed in the clerk's

* 6 *Johns. Rep.*
9. 7 *Johns. Rep.*
19.

† *Roll. Ab.* 128.
*Bac. Ab.*
*Accord* (*a*) 5
*Term Rep.* 141.

‡ 2 *H. Bl.* 317.
1 *Roll. Ab.* 128.
5 *Johns. Rep.*
386.

NEW-YORK,
Oct. 1815.

FOSTER
v.
TRULL.

office, after the written agreement in relation to those suits (as stated in the case) had been entered into, but remained in the hands of the respective plaintiffs, who, probably, destroyed them. As nothing of this sort, however, appears from the testimony, no notice can be taken of the parol proof respecting the process and commencement of the suit. The decision of the present causes must depend on the effect of the settlement made between the parties.

The only question to be discussed is, whether this settlement, and the circumstances which immediately ensued, can be deemed evidence of accord and satisfaction, so as to bar the present actions. This, I am inclined to think, is the fair deduction from the written agreement, and that part of the testimony connected with it, which the court are authorized, on legal principles, to receive.

The written agreement admits that suits had been brought by *Foster & Woodford* against *Curtis*, which rendered the production of the process in those suits, to show that they were commenced, unnecessary; and it could not conclusively be made to appear that they were for the same cause of action with the suits now brought by them, in any other way than by parol proof. As far, therefore, as *Curtis's* evidence went to show that fact, it ought to be received. He declares that he had been sued by the plaintiffs severally for the same false imprisonment which is the subject of controversy in the present suits; and the acceptance of a similar agreement from *Curtis* by *Foster*, shows the satisfaction to be rendered by *Curtis*. The agreement purports to be for suits commenced, and is not confined to the suit brought against them jointly. The accord extended to the suits mentioned by *Curtis* in his evidence; and, if so, it remains only to show, that satisfaction followed it; for the law cannot be questioned, that accord, without satisfaction, is an insufficient, or bad defence.

I do not think it was indispensably necessary to produce the record showing the discontinuance of *Curtis's* suits, in making out a compliance with the respective agreements. Sufficient appears without it. It is in evidence that the suits were stopped, according to *Curtis's* directions to his attorney, and he paid the costs. From those circumstances we have reason to infer, that the writs were never filed in the clerk's office. All this taken together, is a sufficient discontinuance; and must,

and ought to be deemed such a compliance with the written agreements, interchanged between *Foster* and *Curtis*, as to amount to a satisfaction; and, if so, then the present suits are at an end.

The recognition by *Woodward*, of *Foster*, as his agent, appears to be explicit and satisfactory. He declared, after the settlement, that it was correct; that he approved of what *Foster* had done in his behalf, and agreed to it. He, therefore, is bound by this agreement, which has been fully satisfied as to him; for the suit against him, in favour of *Curtis*, was also stopped, and the costs thereon paid. The written agreement, therefore, taken in connexion with the other circumstances, is sufficient evidence of accord and satisfaction to bar the present actions. The defendants are entitled to judgment in their respective causes.

Judgment for the defendants.