## JONATHAN DAY vs. JOHN E. MOORE.

The originals of a writ of attachment and an execution, with the officer's returns thereon are as good evidence as authenticated copies thereof.

In an action by an officer on an agreement to indemnify him in selling certain property on execution, permitting the plaintiff to ask the defendant, on cross-examination, what property he had when he made the agreement, is no ground of exception.

The admission of evidence in reply, which should have been introduced in chief, is within the discretion of the presiding judge, and not subject to exception.

In an action by an officer on an agreement to indemnify him for making an attachment, the facts, that the defendant directed his attorney to make the attachment, and that upon being asked for a bond of indemnity, he consulted his attorney, and was told by him that if he directed the attachment to be made, or agreed to indemnify the officer, he would be liable, whether he signed the bond or not, are not inadmissible as privileged communications with counsel.

ACTION OF CONTRACT by a deputy sheriff upon an agreement of the defendant to indemnify him in selling certain personal property on execution against John C. Murphy.

At the trial in the court of common pleas, at December term 1858, before *Mellen*, C. J., the plaintiff, being shown a paper purporting to be an original writ in an action by this defendant against Murphy, returnable before a justice of the peace, with a return of the attachment of said property, signed by the plaintiff, indorsed thereon, testified that he knew the handwriting of the justice, and that the signature of the paper was his; that the writ was made out in the handwriting of Hartley Williams, Esq., and that the direction to attach property on the back of the writ was in Williams's handwriting. He also testified that he sold said property, by the defendant's direction, by virtue of an execution in his favor against Murphy; and identified as said execution a paper which he produced, with his return thereon, and offered in evidence. The defendant objected to the admission of these papers without further evidence or an authenticated copy of the record; but the court admitted them.

A witness called by the plaintiff testified that, about the time this property was sold on execution, the plaintiff requested the defendant to put his agreement to indemnify him in writing;

to which the defendant agreed, and the witness prepared an
agreement for the defendant to sign; that the defendant said
he desired to see his lawyer before he signed it, and went with
the witness to Williams's office, and asked Williams, in pres-
ence of the witness, if it was right for him to sign the bond
which the witness had prepared; that Williams told the defend-
ant that if he directed the attachment to be made, or agreed
to indemnify the plaintiff, he would be liable to the plaintiff,
whether he signed the bond or not; that the defendant asked
if he would be liable for more than the amount of his claim
against Murphy, and was told by Williams that he might be.
The defendant objected to the admission of this testimony, on
the ground that it was a privileged communication. But the
court admitted the evidence.

After the plaintiff had put in his case, the defendant was
called as a witness, and, on cross-examination, was asked by
the plaintiff, what property he had at the time of making the
agreement to indemnify the plaintiff, as claimed by him — for
the purpose of showing that the defendant was then responsible.
The defendant objected to this evidence, on the ground that it
did not appear that the plaintiff had any knowledge of the de-
fendant's responsibility at the time of the attachment. But the
court admitted it.

The plaintiff, in cross-examination of the defendant, asked
him if he instructed Williams to direct the attachment to be
made. This evidence was objected to by the defendant as a
privileged communication with counsel; but was admitted by
the court.

The plaintiff then offered to show that the defendant con-
veyed away his real estate while the jury were out in an action
to recover of this plaintiff for conversion of the same property,
which action, as the plaintiff alleged, this defendant had agreed
to defend. To this evidence the defendant objected. But the
court, " in the exercise of its discretion as to the order of trial,
admitted the evidence, subject to the defendant's objection to
its competency, as if offered by the plaintiff in putting in his
evidence in chief."

The jury found a verdict for the plaintiff, and the defendant alleged exceptions.

*G. Swan,* for the defendant.

*D. Foster,* for the plaintiff.

METCALF, J. 1. The original writ, on which the plaintiff made an attachment, and his return thereon, and the original execution, with his indorsement thereon, were rightly admitted in evidence, although authenticated copies thereof would have been admissible. It was in the plaintiff's option to offer which he pleased. *Sheldon* v. *Frink,* 12 Pick. 568. *Greene* v. *Durfee,* 6 Cush. 362. *Brush* v. *Taggart,* 7 Johns. 19. *Foster* v. *Trull,* 12 Johns. 456.

No reason has been assigned, and we know of none, against the admission of the plaintiff's testimony to the handwriting of the defendant's attorney, on the writ directing an attachment to be made.

2. We see no error in the permission, by the court, of the cross-examination of the defendant as to his property, at the time when he agreed to indemnify the plaintiff. For aught that we perceive, however, his testimony on that matter was wholly immaterial, and might, for that reason, have been excluded.

3. The time, in the course of the trial, when the defendant's deed of his real estate might be received in evidence, was in the discretion of the court. *Chadbourn* v. *Franklin,* 5 Gray, 315. How that evidence was material or relevant to the issue on trial does not appear. But the exception to its admission, like the exception to the cross-examination of the defendant as to his property, cannot be sustained merely on the ground that its admissibility is not shown. *Parmenter* v. *Coburn,* 6 Gray, 509.

4. Nothing was admitted in evidence at the trial, which can, by any legal construction, be deemed a privileged communication made by a client to his counsel. *Exceptions overruled.*