In the Matter of the Final Accounting of KENDRICK E. MORGAN, as Assignee, etc., and of the Petition of GEORGE A. HARDING.

Where an assignee for the benefit of creditors has by mistake paid over to a creditor a portion of the proceeds of the property assigned, to which a preferred creditor was in fact entitled, the County Court has power, under the General Assignment Act (Chap. 466, Laws of 1877, amended by chap. 318, Laws of 1878), upon petition of the creditor entitled to the fund, and upon notice to the one receiving it, to order the latter to return the amount received to the assignee, to be by him paid out as directed by the assignment.

(Argued April 18, 1885; decided May 5, 1885.)

APPEAL from order of the General Term of the Supreme Court, in the fourth judicial department, made October 8, 1884, which affirmed an order of the County Court of Herkimer county, the nature of which is hereinafter stated. (Reported below, 34 Hun, 217.)

In 1881, the firm of Fonda & Clark made a general assignment for the benefit of creditors to Kendrick E. Morgan. The assignment contained various classes of preferences. In the seventh class were certain notes held by the National Herkimer County Bank. In the eighth class of preferences was a claim of the firm of Schoellkopf & Matthews, of $906.25. The assignee, supposing there were funds enough to pay this and the claims included in the prior preferences, sent said firm a check for the amount of their claim, which they collected. On discovering his mistake he demanded the money back, but the

firm refused to pay it.  Upon settlement of the accounts of the assignee, it appeared that, after paying the preferred claims prior to those mentioned in the seventh class, there remained in the hands of the assignee, not regarding the sum so paid to Schoellkopf & Matthews, the sum of $1,113.30, which was not sufficient to pay the notes specified in the seventh class.  This sum the County Court directed the assignee to pay over to the National Herkimer County Bank, whereupon George A. Harding, one of the sureties upon the bond of said assignee, made a motion upon petition stating the facts, and upon notice to Schoellkopf & Matthews for an order requiring them to pay back to the assignee the sum so received by them, which application was granted, and the order appealed from thereupon made.

*H. C. Day* for appellants.  The court erred in dismissing the case against Schoellkopf & Matthews for want of jurisdiction.  (Laws of 1877, chap. 466, § 25; *Mayer* v. *Mayor, etc.,* 63 N. Y. 455.)  The obligation of a party to refund money, voluntarily paid to him by mistake, can arise only after notification of the mistake and demand of payment.  (*Southwick* v. *Nat. Bk.,* 84 N. Y. 420.)  The surety of the assignee, or the creditors of the estate, could only invoke the aid of the courts in case the assignee was doing what he had no authority for doing, or was omitting to discharge his duty to the estate.  (*Commercial Bk.* v. *Hughes,* 17 Wend. 94; *Etna Nat. Bk.* v. *Fourth Nat. Bk.,* 46 N. Y. 82.)  A county judge or County Court has not been vested with unlimited power by the General Assignment Act.  (*Matter of Rider,* 23 Hun, 91; *In re Thompson,* 30 id. 195; *Hurth* v. *Bower,* id. 151.)

*A. M. Mills* for respondent.  It is no answer to the appellants' claim that the assignee who made the mistake was negligent, and ought to have known or might readily have ascertained that Schoellkopf & Matthews were not entitled to the money.  (*Kingston Bk.* v. *Eltinge,* 40 N. Y. 391; *Mayer* v. *Mayor, etc.,* 63 id. 455; *Sharkey* v. *Mansfield,* 90 id. 227.)

The negligence of the party paying the money by mistake does not affect the right to recover, and especially in such a case as this it does not affect the right to pursue the fund. (*Union Nat. Bk.* v. *Sixth Nat. Bk.*, 43 N. Y. 452; *Duncan* v. *Berlin*, 46 id. 685; *Waite* v. *Leggett*, 8 Cow. 195; *Lawrence* v. *Am. Nat. Bk.*, 54 N. Y. 432; *Wetmore* v. *Porter*, 92 id. 81.) The County Court having once the jurisdiction of and power over this assignment and the trust thereby created, it retained that jurisdiction and power until a full and complete disposition of the matter had been made, and the fund had been finally and properly distributed. (*German S. Bk.* v. *Sherer*, 25 Hun, 409; Story's Eq. Jur., §§ 796, 797; *Brown* v. *Snell*, 57 N. Y. 286; *Young* v. *Carter*, 10 Hun, 194.) The proceeding by petition and citation was proper, and gave the court jurisdiction of the appellants. (2 Barb. Ch. Pr. 578–9; Code of Civil Pro., §§ 7, 22, 23, 347.) Parties should not be subjected unnecessarily to the delay and expense of an action, when it is clear that the rights of all the parties can be protected in the form of proceeding by petition. (*In re Le Blanck*, 14 Hun, 8; *Matter of Youngs*, 5 Abb. N. C. 346.) By the act of 1877, the entire jurisdiction over the matters of voluntary assignments and power to proceed by petition has been conferred upon County Courts. (*In re Matter of Nichols*, 15 Hun, 317; 8 Daly, 75.)

*Per Curiam.* By the assignment to him Morgan became the trustee of the creditors of Fonda and Clark, and the National Herkimer County Bank was one of the beneficiaries of the trust. That bank was equitably entitled to the $906.25, which the trustee by mistake paid to the appellants. That sum should have been paid to it and the appellants had no right to receive it, and no legal, equitable or just right to retain it. The trustee having made the payment by mistake could have compelled the appellants by a suitable action to return the money to him. (*Walker* v. *Hill*, 17 Mass. 380; *Lupton* v. *Lupton*, 2 Johns. Ch. 614; *Trustees of Harvard Col.* v. *Quinn*, 3 Red. Rep. 514.) So, too, an action might have been main-

tained by the bank against these appellants, to recover the trust fund thus improperly diverted from it to their hands by the trustee.

It is claimed, however, that there was no power in the County Court in this proceeding to compel the restitution of this fund, and that is the only point of difficulty in this case. By the General Assignment Act (Chap. 456 of the Laws of 1877), as amended by chapter 318 of the Laws of 1878, very broad and general powers over assignments and assigned estates are given to the County Court. It may, upon the petition of an assignee or of a creditor, or of an assignee's surety, or of an assignor, issue citations requiring the parties to show cause why an accounting and settlement of the assigned estate should not be had. On such an accounting the court has jurisdiction to settle and adjudicate upon the accounts and claims presented, and to decree payment and distribution of the trust fund, and generally to exercise all the powers expressed, and such other and further powers in respect to the proceedings on the accounting, as are provided by law for an accounting before a surrogate of an executor or administrator. By section 22 of the act, it is provided that all orders or decrees in proceedings under the act shall have the same force and effect and may be entered, docketed and enforced and appealed from the same as if made in an original action brought in the County Court. By section 26 the court in its discretion may order a trial by jury or before a referee of any disputed claim or matter arising under the provisions of the act, and by section 25 it is provided that any proceeding under the act shall be deemed for all purposes, including review by appeal or otherwise, to be a proceeding had in the court as a court of general jurisdiction, and that the court shall have full jurisdiction to do all and every act relating to the assigned estate, the assignees, assignors and creditors; and that after the filing or recording of an assignment under the act, the court may exercise the power of a court in equity in reference to the trust and any matters involved therein. These appellants, by accepting the payment of their claim and thus dealing with the assignee,

became parties to the assignment.   Upon the general account-
ing of the assignee, the County Court had jurisdiction over all
matters between the parties to the proceeding in reference
thereto.   It had power to see that the fund was properly
administered and that the trust was fully and properly carried
out.   It had authority to order its proper distribution, and if
by inadvertence or mistake any of the parties before it had
received more than their share of the fund, it had power and
authority to order that. it should be restored so that it might
be properly distributed, and to enforce its order.   It is a con-
venient power and jurisdiction for the County Court to possess,
and under the broad language contained in the statute we
must hold that the court possessed the power which it exer-
cised.   The able opinion pronounced at the General Term is
so satisfactory that no further discussion is now needed.

The judgment should be affirmed.

All. concur.

Judgment affirmed.