IN THE MATTER OF THE GENERAL ASSIGNMENT OF ABRAHAM M. WITMER AND OTHERS TO FRANKLIN SPAULDING FOR THE BENEFIT OF CREDITORS.

*County Court — jurisdiction of, over claims made against an assignee for the benefit of creditors — 1877, chap. 466, sec. 25.*

One Hertzog procured from a County Court an order directing an assignee of Witmer and others, who had been carrying on business as bankers, to pay to him a certain sum of money, with costs. The application was made upon the ground that Hertzog had deposited a check for the sum named with Witmer, to purchase drafts, which, owing to the lateness of the hour at which the money was deposited, were to be delivered on the next morning. On the next morning the firm made a general assignment for the benefit of creditors, the proceeds of the check so deposited by Hertzog being subsequently collected and received by the assignee.

*Held*, that the County Court had no jurisdiction to entertain the application or make the order.

That section 25 of chapter 466 of 1877 was not intended to enlarge the scope of the jurisdiction of the County Court, or to extend it to subjects not embraced in the provisions of the act which define the powers of the court, but merely to make the County Court a court of general jurisdiction in respect to the powers given to it by the act, and to vest it with equity powers in reference to the trust and any matter involved therein, which may be brought before the court by a proceeding under the act.

That the remedy of the petitioner, if he had one, was by action.

APPEAL by Franklin Spaulding as assignee of Witmer and others from an order and judgment of the Niagara County Court, directing him to pay a certain sum of money to Oliver G. Hertzog, the petitioner herein, with costs.

*L. F. & G. W. Bowen*, for the appellant.

*Day & Romer*, for the respondent Hertzog.

SMITH, P. J.:

Witmer and his partners were bankers at Suspension Bridge. Hertzog had a bank account with them, and on the 1st day of August, 1884, he delivered to them at their banking office a check drawn by Benjamin Flagler, as collector of the port of Suspension Bridge, upon the Farmers and Mechanics' National Bank of Buffalo, for the sum of $124, payable to O. G. Hertzog or bearer. He also delivered to them sixteen dollars in money. The delivery was made by handing the check and money to Abraham Witmer, one of the firm, who was then in charge of the banking office. At the time of the delivery Hertzog said, as he testified: " I came in to purchase some drafts, but I see that the time is all consumed; I wish to take a train for Buffalo ; I will come in to-morrow morning and get the drafts, and bring in my book and have it written up." The evidence shows that Witmer, at the time, filled up a deposit slip in the usual form, stating the transaction as a deposit, placed the money and check with the other like funds of the bank, and soon after caused the transaction to be entered in the books of the bank to the credit of Hertzog's account. On the same day the check was transmitted by mail to the drawee for account and credit of Witmer's bank, and it was received by the drawee and so credited. Hertzog did not state to Witmer the number or amount of the drafts that he had intended to buy. The receiving of deposits and the sale of drafts was part of the ordinary business of the firm.

On the next morning the firm made a general assignment to Spalding for the benefit of their creditors, and Spalding received from the Buffalo bank, a few days thereafter, the proceeds of said check.

In a proceeding commenced by the petition of Hertzog setting out these facts, the County Court made the order and judgment appealed from, directing the assignee to pay to the petitioner, from the assigned property, the amount received by him as the proceeds of such check, with costs.

The appellant's counsel contends that the order and judgment in question exceeded the jurisdiction of the County Court, and we are of the opinion that the contention is well founded.

The claim that the jurisdiction of the County Court is sufficiently broad to uphold the order and judgment appealed from, rests solely

upon the provisions of section 25 of the act in relation to general assignments. (Laws 1877, chap. 466.) That section provides that any proceeding under the act is to be deemed a proceeding had in the court, as a court of general jurisdiction, and the court shall have full jurisdiction to do all and every act relating to the assigned estate, the assignees, assignors and creditors, and jurisdiction shall be presumed in support of the orders and decrees therein unless the contrary be shown ; and after the filing or recording of an assignment under the act, the court may exercise the powers of a court of equity in reference to the trust and any matters involved therein. The amendments of the act in 1878 (chap. 318) do not touch that section.

We think the intent and effect of the section are merely to make the County Court a court of general jurisdiction in respect to the powers given to it by the act, and to vest it with equity powers in reference to the trust and any matters involved therein, which may be brought before the court by a proceeding under the act. The County Court is a court of limited jurisdiction, except as otherwise prescribed by statute, and although it is provided by the Code of Civil Procedure (§ 348), that where a County Court has jurisdiction of an action or a special proceeding, it possesses the same jurisdiction over the same which the Supreme Court possesses in a like case ; that section did not apply to proceedings authorized by the act of 1877, for the reason that the Supreme Court had not jurisdiction of proceedings of that nature, either at the time of the adoption of the Code, or of the act of 1877. Jurisdiction of such proceedings has, however, been conferred on the Supreme Court by a later act (Laws 1885, chap. 380), but that does not affect the question in hand.

Section 25, while making the jurisdiction of the County Courts general, was not intended to enlarge the scope of the jurisdiction or to extend it to subjects not embraced in those provisions of the general assignment act which defined the powers of the court. If it was designed to give the court power to do any conceivable act relating to the " assigned estate, the assignees, assignors and creditors," the act of 1878, already referred to, was a work of supererogation so far as it enlarges the powers of County Courts in assignment proceedings.

The proceeding instituted by Mr. Hertzog was adverse to the assignment executed by the Witmers, and it sought to cut out a

part of the assigned estate and withdraw it from the operation of the assignment and the trust created thereby. It was a proceeding against Spalding, not as an assignee to compel him to execute a trust in which the petitioner was beneficially interested, but as a wrong-doer, to compel him to restore property which, it is alleged, never belonged to the assignors, and was wrongfully converted by the assignee. The proceeding is in the nature of an action for conversion, and it seems very clear to us that it is not authorized by the assignment act. The remedy of the petitioner, if he has one, is by action.

These views render it unnecessary to consider the other questions discussed on the argument.

What we have said as to the powers of the court under the assignment act harmonizes, as we understand the matter, with the views of the Court of Appeals upon that subject expressed in the *Matter of the Assignment of Holbrook and others* (99 N. Y., 539). The case is distinguishable from that of *In re Morgan* (99 N. Y., 145), cited by the respondent's counsel. There the petitioners claimed under the assignment, and not adversely to it, and the only question decided was one as to the order of distribution of a part of the proceeds of the assigned property.

The judgment and order should be reversed. We think the appellant, as assignee, is entitled to recover his costs of the appeal and of the proceeding in the court below, to reimburse the fund in his hands; and as the Code provides that the costs in such cases shall be at the rates allowed for similar services in actions (Code, § 3240), the costs hereby allowed are to be taxed accordingly.

BARKER, HAIGHT and BRADLEY, JJ., concurred.

Judgment and order reversed, with costs of the appeal and of the court below to the appellant.