Per Curiam.
After a careful examination of this case, we are unable to discover any sufficient reason for disturbing the order of distribution, as recommended by the referee and confirmed by the county court. A brief statement will present the material questions of fact in dispute, as well as the legal propositions involved in the controversy. Mrs. Harris, the appellant, is the wife of the assignor, and her debt against her husband, in the amount oí $1,000, is preferred above all other creditors, except those who are first to be paid under the statute. The assets distributed were sufficient in amount to pay her claim in full. On the accounting the respondent George Hollands claimed that one-lialf of that sum should be paid to him as the assignee of Mrs. Harris, and the order so provided. The assignment under which h®' claims is in writing, and in form is sufficient to convey to Hollands one-half of the said indebtedness, and to authorize its payment by the assignee. The granting clause of the assignment is, viz.; “The said Celestia Y Harris hereby sells, assigns, transfers, sets over, and conveys to the said George Hollands all her right, title, claim, and interest in and to a certain debt and demand; * * * and the said E. J. Cleflin is hereby authorized and directed to pay said Hollands all sums of money which would otherwise be paid to said Celestia Y. Harris under said assignment, and to take his receipt and discharge therefor.” Mrs. Harris claims that she was induced to make the transfer by reason of certain false and fraudulent representations made by Hollands and others, acting with him and for him, to the effect that the assignment made by her husband was fraudulent and void in law; and, unless she assigned to Hollands one-half of her claim, he would institute, or cause to be instituted, legal proceedings to have the same set aside as fraudulent and void, and by that means she would lose her debt, as her husband was insolvent, and unable' to pay the same otherwise than as provided by the said assignment.
We have, for the purposes of this appeal, assumed that the appellant did in proper form and manner present the question of fraud to the court below, that the same might be tried and determined by the referee. It was not shown *622 upon the hearing, nor did the referee find, that the general assignment was fraudulent and void for any reason. It was not found by the referee as a fact, roj.’ was' he requested to find by the appellant, that the statements and representations made by Hollands were false and fraudulent, and made with the intent to cheat and defraud the appellant. -The referee was requested to make certain findings, which, in the form they were presented to the referee, consisted of statements made by Hollands to the appellant during the negotiations which resulted in the transfer by the appellant to him of one-half of her claim. We refer particularly to the proposed findings Nos. 2, 3, 4, 5, and 13; such requests being, in substance, restatements of portions of the evidence, but not a request for a general finding .of fact, as a conclusion drawn from the evidence, that the statements and representations were false and untrue, and made with an intent to cheat and defraud, and therefore they do not authorize the legal conclusion that the assignment was fraudulent and void. The appellant claims nothing which, if true, would in the law vitiate the transaction between herself and Hollands, except the one already stated, that she was cheated and defrauded by his misrepresentations. If the assignment made by the appellant is permitted to stand, then that part of the order directing payment to Hollands of one-half of the amount of her debt against the assignor was correct, and supported by the assignment, and the county court had jurisdiction to direct its payment. In re Morgan, 99 N. Y. 145,1 N. 33. Rep. 406. Where a party seeks to set aside an executed transfer of property on the ground of fraud, the relief can only be granted by a court of equity, or by some tribunal possessing equity powers in the particular matter by legislative authorization. By section 22 of the assignment act it is provided that all orders or decrees in proceedings under the act shall have the same force and effect, and may be entered, docketed, enforced, and appealed from, the same as if made in an original action brought into county court. Chapter 466, Laws 1877, as amended by chapter 318, Laws 1878; In re Morgan, supra. The powers of this court on appeal from a judgment or order rendered by a county court are prescribed in section 1340 of the Code of Civil Procedure, as amended in the year 1888, Without considering whether this amendment enlarges our jurisdiction in the matter now before us, we have examined the exceptions taken to the referee’s refusal to find as requested by the appellant, and, after examining all the evidence, we are satisfied that none of his refusals to find are against the weight of evidence.
The point is made that the evidence of the several witnesses examined before the referee was not signed by them, and filed with the referee’s report, as required by standing rule No. 30 of this court. That rule does not apply to proceedings of this character, which are special and statutory. We have bestowed attention on the numerous other points made by the learned counsel for the appellant, and fail to discover any error which should lead to a reversal of either of the orders appealed from. Both orders affirmed, with $10. costs and disbursements.