THE PEOPLE OF THE STATE OF NEW YORK *v.*
E. REMINGTON & SONS.

In re JAMES A. WHITFIELD, PETITIONER, APPELLANT.

*Receiver — payment of a claim as preferred, under a misdirection of the court — such a payment is not voluntary.*

The receivers of a corporation were, by an order made by the court at Special Term, instructed to pay, and did pay, one Whitfield, a creditor, a certain claim as a preferred one. Upon further application by Whitfield, and other creditors similarly situated, the claims of such parties were declared by the Court of Appeals not to be entitled to a preference. Subsequently the first order of the Special Term as to Whitfield's claim was vacated.

Upon the payment to Whitfield of a further claim, made by him as a general creditor, the receivers deducted therefrom the excess theretofore paid to him upon the claim preferred by said first mentioned order.

*Held*, that their action was proper.

That the receivers could not be said to have made the payment of the preferred claim voluntarily.

That they had been erroneously instructed by the court as to the disposition of the fund; and the misdirection having been corrected they could have compelled Whitfield to restore the amount of the over-payment, and were, therefore, entitled to deduct it from any money due to him.

APPEAL by the petitioner, James A. Whitfield, from an order, entered in the office of the clerk of the county of Herkimer on the 19th day of December, 1890, denying his motion for an order requiring the receivers of the defendant corporation, E. Reming-

ton & Sons, to pay to him the sum of $183.31, which amount had been deducted by them from a dividend of twenty-five per cent due to him as a general creditor of said corporation.

*George O. Rasbach,* for the petitioner, appellant.

*Thomas Richardson,* for the receivers, respondents.

MARTIN, P. J.:

On April 21, 1886, this court duly appointed Albert N. Russell and Addison Brill as receivers in this action, which was to dissolve the defendant corporation. They subsequently qualified, entered upon their duties and are still such receivers.

The appellant had previously been engaged with men employed by him in working for the defendant in its shops doing job or contract work. It was indebted to him therefor in the sum of $292.78 when the receivers were appointed. There were other persons who had similar claims.

Soon after the receivers were appointed they applied to a Special Term of this court for instructions as to whether claims like the appellant's were preferred under chapter 376 of the Laws of 1885, which was an act to provide for the payment of wages to employees, operatives and laborers of domestic corporations, other than insurance and moneyed corporations, of which a receiver should be appointed. The court held that such claims were preferred, and directed them to be paid in full by the receivers. In pursuance of that direction, which was made in May, 1886, the receivers paid the appellant on his claim $256.50, but subsequently declined to pay the remainder, amounting to thirty-six dollars and twenty-eight cents.

After the receivers' refusal to make further payments on such claim, and in June, 1887, the appellant and others, who had similar claims, instituted a proceeding in this court whereby they sought to have it adjudged that such claims were preferred under the statute, and to procure an order requiring the receivers to pay them as such in full. In that proceeding the appellant, and those who joined with him therein, were unsuccessful, as it was held by the Special and General Terms of this court, and by the Court of Appeals, that their claims were not within the provisions of the statute of 1885, and not preferred claims under it.

During the pendency of that proceeding, and in March, 1889, the Special Term directed the receivers to pay to the general creditors of the defendant, who had proved their debts, a dividend of twenty-five per cent thereon, but also directed that the receivers should defer the payment of any dividend upon any claim of the appellant, or those who joined with him in such proceeding, until the final determination thereof.

The appellant also had an additional claim, as a general creditor, amounting to $2,930.62.

After that proceeding was finally determined by the Court of Appeals, the receivers paid the appellant on his claim of $2,930.62 the dividend of twenty-five per cent directed to be paid the general creditors by the order of March, 1889, less the sum of $183.31, being the excess above twenty-five per cent which had been paid by them upon the appellant's claim of $292.78.

After the decision of the Court of Appeals, by which it was held that the appellant's claim was not preferred, and before this proceeding was instituted, the order or instructions to the receivers, made in May, 1886, directing such claims to be paid as claims preferred by the statute of 1885, was, on the application of the receivers, vacated and set aside.

On the 9th day of December, 1890, the appellant made application to a Special Term of this court for an order directing the receivers to pay him the sum of $183.31 so deducted, which was denied, and from that order this appeal was taken.

The appellant challenges the order of the Special Term upon the ground that as the payment made by the receivers upon his claim of $292.78 was in pursuance of an order of this court, the subsequent decision in other cases did not open, annul or affect his right to the money thus paid, and that the payments by the receivers upon that claim were voluntary and could not be recovered back or deducted from the amount of his dividend.

It will be observed that the order or direction to the receivers relied upon by the appellant has been vacated and set aside, and that the action of the court in thus setting it aside was based upon the determination in a proceeding instituted by the appellant upon his alleged preferred claim, in which proceeding it was in effect held that the order of May, 1886, was unwarranted and

improper. That the court under such circumstances should award a restitution of the sum that was thus over-paid upon the appellant's demand is quite obvious.

The question of voluntary payment is not, we think, involved in this proceeding. There was in this action a fund in the hands of the court for distribution by its receivers among the creditors of the defendant. The court mistakenly and erroneously instructed the receivers to pay one of the appellant's claims in full. In a proceeding to which he was a party it was decided by this court and by the Court of Appeals that he was entitled to receive upon his claim for $292.78 only the same proportionate amount as the other general creditors of the defendant. Thus he had been paid $183.31 more than he was entitled to receive. The amount of such over-payment was then deducted from the sum which would otherwise have been his due. This excess having been paid by mistake, the receivers could have recovered of the appellant the amount thereof. (*Matter of Accounting of Morgan*, 99 N. Y., 145; *Matter of Underhill*, 117 id., 471; *Scholey* v. *Halsey*, 72 id., 578; *Lott* v. *Swezey*, 28 Barb., 87.) It is, therefore, manifest that the sum which the appellant sought to recover in this proceeding did not *ex aequo et bono* belong to him. It was a part of the fund in the hands of the court which belonged to the creditors of the defendant, and which should be distributed among them.

Under these circumstances we think the receivers were justified in withholding that amount, and that the court properly refused to require them to pay it to the appellant.

It follows that the order appealed from should be affirmed.

MERWIN, J., concurred.

Order affirmed, with ten dollars costs.