LYMAN M. OTIS, Respondent, _v._ GEORGE W. CROUCH and FRANK P. CROUCH, Appellants.

_Assignee for creditors — overpayment to a preferred creditor — decree of a County Court on an accounting, when not a bar to a recovery of the overpayment — jurisdiction of County Court — equity._

In a proceeding for an accounting instituted in a County Court by an assignee for the benefit of creditors, it appeared that the assignee had made advances to a firm (one of the preferred creditors under the assignment) exceeding its _pro rata_ share, and the decree made in such proceeding directed the assignee to pay the amount of such excess to another creditor preferred under the assignment.

In an action subsequently brought in the County Court by the assignee in his own name to recover from such preferred creditors who had been paid in excess of their _pro rata_ share the amount so overpaid, the complaint alleged that after the entry of the decree of the County Court the assignee had paid to the creditor named in such decree the sum directed to be paid by such decree, and demanded restitution from the defendants of the amount overpaid to their firm, which was refused. The jury found that the plaintiff, as assignee, had made advances to the defendants, and that the last advance made by him was made with the express understanding that if such sum overpaid the amount to which they were entitled it should be adjusted on the final settlement.

_Held,_ that the decree of the County Court on the accounting was consistent with the claim made by the plaintiff in the subsequent action, and was not a bar to his recovery in such action;

That the subsequent action was, in its nature, for money had and received, and, although it might be equitable in its purpose and effect, the question to be determined was to which party the money belonged; that such action was a common-law action, and that the County Court had jurisdiction of the subject-matter thereof.

APPEAL by the defendants, George W. Crouch and another, from a judgment of the Monroe County Court in favor of the plaintiff,

entered in the office of the clerk of the county of Monroe on the 22d day of April, 1895, upon the verdict of a jury rendered after a trial at the Monroe County Court, and also from an order entered in said clerk's office on the 22d day of April, 1895, denying the defendant's motion for a new trial made upon the minutes.

The action was brought by the plaintiff as assignee for the benefit of the individual and firm creditors of Van Roe & Spitz to recover a sum of money paid by the plaintiff to the defendants, as creditors of such firm, in excess of their *pro rata* share in the assigned estate.

*H. G. Pierce,* for the appellants.

*F. E. Drake,* for the respondent.

BRADLEY, J. :

The plaintiff was the assignee for the benefit of the creditors of Van Roe & Spitz as a firm and of the individual members thereof. The firm of Chase & Otis, of which the plaintiff was a member, and the defendants' firm were preferred creditors, the former to the amount of $2,102.84 and the latter firm in the sum of $3,198.09, and they were entitled to participate in the assigned estate applicable to them as preferred creditors in that ratio.

It turned out that the estate was not sufficient to pay them in full, and that the advances made by the assignee to the defendants exceeded by $278.77 the amount to which they were entitled. This was determined by the decree of the County Court in an accounting of the assignee duly had upon notice to all parties interested in it; and by the decree of the court made on that accounting the assignee was directed to pay that sum to Chase & Otis, or the survivor of them. Chase had died and the plaintiff was the survivor. He alleges that he thereupon so paid that sum and demanded restitution of the defendants, which was refused. By this action he seeks to recover the amount so overpaid to them. He gave evidence to the effect that he, as assignee, made advances to the defendants; that the last advance he made to them was of $1,000; and that when he was called upon by one of the defendants and requested to do so, he did it with the express understanding, then had between them, that if such sum overpaid the amount to which they

were entitled it should be adjusted on the final settlement. There was a conflict in the evidence of the parties as to such agreement. But that question of fact was submitted to the jury and determined adversely to the defendants.

The main grounds of defense urged by the defendants are :

(1) That the decree in the proceeding for settlement of the accounts of the assignee is a bar to any recovery.

(2) That the relief sought by the action is available only in equity, and that, therefore, the County Court is without jurisdiction to grant it.

The first objection is founded upon the fact that in proceedings relating to assigned estates for the benefit of creditors the County Court has general jurisdiction, and can exercise the powers of a court of equity in dealing with the subject of the trust. (Laws 1877, chap. 466, § 25.)

And it is urged that the *forum* was there and in that proceeding for the plaintiff to obtain directions for restitution if he was entitled to it from the defendants. No such provision was made in the decree, although it was within the power of the County Court to direct by it the repayment of the sum before mentioned by the defendants to the plaintiff if the question was there presented for determination. (*Matter of Morgan*, 99 N. Y. 145.)

In relation to the sum in question the decree determined that the defendants had received from the assignee such amount in excess of that to which they were entitled ; that the assignee was chargeable with that sum as if it still remained in his hands and he was directed to pay it to the survivor of the firm of Chase & Otis. Thus far the rights of the parties were determined by the decree of the County Court. The question is whether beyond that, as relates to the right of the plaintiff to enforce restitution to him, the decree is *res adjudicata* within the general rule that the judgment of a court of competent jurisdiction is final, not only as to the subject-matter there actually determined, but as to all matters which the parties might there have litigated and had determined. The application of that proposition has relation to the case or issues presented for trial or determination. (*Stowell* v. *Chamberlain*, 60 N. Y. 272 ; *Bell* v. *Merrifield*, 109 id. 202 ; *Hymes* v. *Estey*, 116 id. 501.) Although the decree contained no direction in that respect, the facts presented by it

were substantially to the effect that the defendants were not, and that the plaintiff was, entitled to the money. (*Lupton* v. *Lupton*, 2 Johns. Ch. 614; *Walker* v. *Hill*, 17 Mass. 380; *Matter, etc., Morgan*, 99 N. Y. 147.) The decree is, therefore, consistent with the claim made by the plaintiff in this action, and no reason is seen in the omission from the decree of a direction to do so for relieving the defendants from liability to make restitution to the plaintiff.

In the proceeding instituted by him for an accounting as assignee the plaintiff was not required to include his claim against the defendants for determination, nor does it appear by the petition upon which the proceeding was founded that he did so. Although he might have done it and did not, he had the right of action for such relief on the refusal of the defendants to pay the money. This was held in the *Morgan* case. As his election of remedy by action is not inconsistent with the matters determined by the decree of the County Court, the adjudication there had is no bar to the action.

Nor is there any want of jurisdiction in the County Court for the purposes of the remedy. The action in its nature is for money had and received, and it may be equitable in its purpose and effect. The question to be determined in such case is to which party, according to equity and good conscience, the money in question belongs. And while such an action may in some sense be deemed a substitute for an equitable one, it is nevertheless a common-law action. (*Wright* v. *Butler*, 6 Wend. 284; *Eddy* v. *Smith*, 13 id. 488; *Buel* v. *Boughton*, 2 Den. 91; *Cope* v. *Wheeler*, 41 N. Y. 303; *Hathaway* v. *Town of Cincinnatus*, 62 id. 434, 447.)

The action is not here treated as one to modify the decree of the County Court, or for relief contrary to it. It could not be maintained if the relief sought were inconsistent with any determination duly made by that decree. But as the recovery by the plaintiff of the defendants of the money by way of restitution was collateral to the main purpose of the accounting proceeding, it was not, so far as appears, necessarily in legal contemplation within the operation of the decree, since the jurisdiction of the County Court, in respect to the matter in controversy in the action, was not exclusive.

In the *Morgan* case the matter in question was taken into the County Court for the specific purpose of having a determination upon it and a direction made accordingly. (34 Hun, 217.)

The views here taken lead to the conclusion that the judgment and order should be affirmed.

Lewis and Ward, JJ., concurred.

Judgment and order affirmed.