O'SHEA et al. v. MORITZ.

(Supreme Court, Appellate Division, Second Department. May 1, 1908.)

1. JUDGMENT—CONCLUSIVENESS—RES JUDICATA.

While it is the judgment which constitutes a bar, and not the preliminary determination of the court, yet where, in a proceeding to foreclose a mechanic's lien, defendants claimed damages by reason of plaintiff's defective work, and issue was joined and trial had, and the court decided that plaintiff should recover for the entire claim, and thereafter, by consent of plaintiff's counsel and on motion of defendants' counsel, an order was entered that the city chamberlain pay the recovery out of moneys deposited to discharge the lien, and the parties dealt with each other as if final judgment had been formally entered, the order had the effect of a final judgment so far as the doctrine of res judicata is concerned, and defendants could not subsequently sue plaintiff for the defects in his work.

2. ACCORD AND SATISFACTION—DECISION OF COURT.

The acquiescence of defendants in the court's decision, as indicated by their entry of the order, coupled with the action of plaintiff, constituted an accord and satisfaction.

Appeal from Municipal Court, Borough of Brooklyn, Second District.

Action by Walter L. O'Shea and another against Isaac Moritz. Judgment for plaintiffs, and defendant appeals. Reversed, and judgment ordered for defendant.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and MILLER, JJ.

Robert A. McDuffie, for appellant.
William M. Wingate, for respondents.

JENKS, J. The defendant appeals from a judgment of the Municipal Court in an action to recover damages for defects in his work under a contract between the parties. The contract was subordinate to a contract between the plaintiffs and a third party. This defendant filed a mechanic's lien which covered this work, and these plaintiffs sought to discharge the lien by a payment into court. Thereafter this defend-

ant brought action in the Supreme Court on May 20, 1904, against these plaintiffs and the owner, to have his lien adjudged and to foreclose. Issue was joined and trial was had. The Special Term decided that the plaintiff must have recovery in full, without costs. Thereafter, upon consent of the attorney for the plaintiffs and on motion of the attorney for the defendant, an order was entered in that action that the city chamberlain pay the recovery in full out of the moneys deposited to discharge the lien. The order was complied with and the litigation was thus closed. It appears from the record before us that the present claim of the plaintiffs was heard, tried, and disposed of on the merits in the Supreme Court, after a ruling that the defendant could establish it so as to lessen the amount of the plaintiffs' claim for full performance.

The defendant in this action contended that the principle of res adjudicata applied. But the learned counsel for the respondents insisted that, inasmuch as no judgment or decree was entered upon the decision of the Supreme Court, this principle was unavailable. It is well settled that it is the judgment which constitutes the bar, not the preliminary determination of the court. Rudd v. Cornell, 171 N. Y. 129, 63 N. E. 823, and authorities cited. The reason is that there should be proof that there was finality to the former action which is pleaded as adjudication. But the omission to enter a formal judgment in the action in the Supreme Court was not due to the fact that any issue was undetermined or that aught remained to be done. Final judgment would have necessarily followed the decision rendered. But at the instance of the defendant in that action the parties acquiesced in the decision and dealt with each other as if final judgment had been formally entered. There are authorities to the effect that a verdict which has been paid is conclusive. Willcocks v. Howell, 8 Ont. 576; Pollitz v. Schell (C. C.) 30 Fed. 421, citing Catlin v. Taylor, 18 Vt. 104; Armstrong v. Colby, 47 Vt. 359.

But it is not necessary to rest upon these decisions, for the final order entered by the court in that action upon the consent of both parties had all of the effect of a judgment entered in the action, for it determined that the plaintiff was entitled to the full amount of his claim, and the defendant was not entitled to any deduction therefrom by the reason of defective work. And the fact shown by it was that a litigation which involved this claim, and wherein this claim was tried, was determined on the merits wholly adverse to these plaintiffs. See Otis v. Crouch, 89 Hun, 548, 551, 35 N. Y. Supp. 291. Moreover, it may be inferred that, but for the application of the defendants in that action to their opponent for consent to the entry of this order in the litigation, which had the finality and full effect of a judgment, and the entry of that order, the plaintiff would have entered the judgment as of right. I think, then, that we should be deaf to the contention that the order had not the effect of a final judgment so far as the doctrine of res adjudicata is concerned, and permit these plaintiffs to try again a question which was settled against them, and which they affirmatively accepted as a finality, renouncing their right of appeal.

Further, the litigation before the Supreme Court in effect presented a claim by the plaintiff in that action for the contract price for work done and a claim by the defendants in that action that they were dam-

aged by defective work. I think that the acquiescence by the defendants in the decision by the Supreme Court, as indicated by their affirmative entry of the order, which practically ended it, wholly in favor of the plaintiff in that action, coupled with the action of that plaintiff, constituted an accord and satisfaction. Foster v. Trull, 12 Johns. 456, cited with approval in Davis v. Spencer, 24 N. Y., at page 391; Vedder v. Vedder, 1 Denio, 257; note to Boosey v. Wood, 3 Exch. (H. & C.) 484; Willcocks v. Howell, supra.

I advise that the judgment be reversed, with costs, and that judgment be ordered for the defendant, with costs. All concur.