**GOLDMAN et al. v. STATEN ISLAND NAT. BANK & TRUST CO.**

No. 312.

Circuit Court of Appeals, Second Circuit.

July 12, 1938.

Supplemental Opinion July 25, 1938.

Jerome L. Greene, of New York City, for appellant.

Greenbaum, Wolff & Ernst and Stephen Callaghan, all of New York City (Lawrence S. Greenbaum, Phillip F. Seigenfeld, Benjamin Kaplan, and Louis Kerr, all of New York City, of counsel), for appellees.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

L. HAND, Circuit Judge.

This is an appeal from an order entered upon a petition ancillary to a creditors' bill to distribute the assets of the Liberdar Company. It directed the defendant to reimburse the petitioners, who are receivers of that company, for certain expenses incurred in the discharge of their duties. The petition alleged that the Liberdar Company had been the owner of various parcels of land in the Eastern District of New York, mortgaged to its parent, the New York Title and Mortgage Company, which issued to the public and guaranteed certain "participation certificates" · in the mortgages. That on March 15, 1933, this mortgage company had defaulted upon its guaranty; that in the following August the State Superintendent of Banks had been appointed its receiver by a state court; and that in the same month a creditors' bill had been filed against the Liberdar Company and the petitioners had been appointed its receivers. That on November 14, 1934, they had paid to the State Superintendent $2,641.38, as the balance over disbursements of rents collected by them from the mortgaged properties between their appointment and August 31, 1934, in the belief that after his appointment he was entitled to all profits from mortgaged property. Prudential Ins. Co. v. Liberdar Holding Corp., Van Schaick v. Williams, 2 Cir., 72 F.2d 395. That later the petitioners had found that the true balance due the superintendent, instead of being $2,641.38, was only $1,251.54, and that they had therefore by mistake overpaid him to the extent of $1,389.84. (The character of this mistake was not stated). That the superintendent had paid over to the Mortgage Commission of the state what the receivers had paid to him, and that the Mortgage Commission had in turn paid this to the defendant bank, which was then trustee for the holders of the participation certificates, and from which the receivers demanded payment. The defendant answered by affidavit, alleging that the superintendent had used all the money paid to him by the petitioners except $23.92 to discharge taxes on the mortgaged properties; that its liability, if any, was therefore limited to that amount; that any mistake of the receivers was one of law, on which no recovery could be had; and that the district court had no jurisdiction over the petition. No evidence was taken, but on the pleadings the judge directed the defendant to pay the sum demanded—$1,389.84.

As to the point of jurisdiction, it is abundantly settled that receivers appointed under a creditors' bill may file ancillary suits in the district court to collect the assets of the corporation, and that the court's substantive jurisdiction is independent of the diversity of citizenship between the parties. White v. Ewing, 159 U.S. 36, 15 S.Ct. 1018, 40 L.Ed. 67; Pope v. Louisville, etc., Ry. Co., 173 U.S. 573, 577, 19 S.Ct. 500, 43 L.Ed. 814; Hart v. Wiltsee, 1 Cir., 19 F.2d 903; Hume v. City of New York, 2 Cir., 255 F. 488; Rockwood v. Foshay, 8 Cir., 66 F.2d 625; Green-Boots Construction Co. v. Hays, 10 Cir., 56 F.2d 829. It is true that in all these cases the receivers were suing in the right of the corporation, while here they base their cause of suit upon a transaction of their own; but there can be no distinction in

that, for in both situations any recovery becomes part of the corporate assets and is a step in their collection, which is the only purpose of the creditors' bill. In the only case we have found on the point, it was so ruled. Wilson v. Kansas City P. & L. Co., 300 F. 185, D.C.Mo. Such a suit is not, indeed, summary in point of procedure, a distinction which possibly the defendant at bar had in mind in invoking the objection— good in bankruptcy—that it was making an "adverse claim"; that is not a good objection here, however, because the receivers' petition may be treated as a pleading, and the answering affidavit as an answer, and the cause, being thus at issue, may stand for hearing.

■ There were, however, undecided issues which forbad any disposition of the suit on the pleadings alone. It is true that the fact that the receivers' mistake in paying the superintendent may have been one of law, is not material, for the superintendent was in the position of a receiver (Jacoby v. Bond & Mortgage Guarantee Co., 2 Cir., 72 F.2d 420, 423) and it is the general rule that money paid to officers of a court may be recovered, though paid through a mistake of law. Carpenter v. Southworth, 2 Cir., 165 F. 428; In re Smith-Flynn Commission Co., 8 Cir., 292 F. 465, 471, 472; Williston, Contracts, § 1590; Restatement of Restitution, § 46(b). The Court of Appeals of New York has not apparently passed on the point, but the Appellate Division of the First Department has, and we are reasonably sure that it would be followed. Gillig v. Grant, 23 App.Dv. 596, 49 N.Y.S. 78. See, for example, In re Morgan, 99 N.Y. 145, 1 N.E. 406, where the surety of an assignee for the benefit of creditors was allowed to recover a sum paid by mistake of law. Therefore, the superintendent upon demand would have been bound to repay the money; and if he had paid it over to the defendant, the defendant would have been similarly bound; though both would have been liable only so far as the disbursements to be recouped were properly chargeable to maintenance and administration. What disbursements are so chargeable, we discussed in Van Schaick v. Williams, supra, 72 F.2d 395, at page 399. Upon the hearing the receivers must therefore prove how the deficiency was made up, and what items they were entitled to charge

against the rents. When they do that, they will be entitled to charge the amount so found against any sum received by the defendant from the superintendent. That sum was indeed only $23.92, which is prima facie the measure of the defendant's liability; but it will be further liable, if the receivers can show that when they first gave notice of their claim to the defendant, it had in its hands a balance of other rents collected during the period of its own administration. Such rents are as subject to the receivers' proper disbursements as the rents which they collected themselves.: the administration has been single, all of it in the interest of the certificate holders who must not be unjustly enriched at the expense of the receivers or their creditors so far as they have disbursed the trust. Strict legal support for this result can be found in the doctrine of subrogation. We held in Van Schaick v. Williams, supra, that taxes, whenever due, were a proper charge upon rents collected during administration; those paid by the superintendent were therefore as much a charge against rents collected by the defendant as against those collected by the receivers. When the superintendent used the receivers' rents he therefore relieved the defendant's balance pro tanto, and the receivers have a corresponding claim by subrogation against it.

Order reversed; cause remanded for hearing.

## Supplemental Opinion.

### PER CURIAM.

■ We have been asked to construe the following paragraph of our opinion: "That sum was indeed only $23.92, which is prima facie the measure of the defendant's liability; but it will be further liable, if the receivers can show that when they first gave notice of their claim to the defendant, it had in its hands a balance of other rents collected during the period of its own administration." The question asked is whether we meant to limit recovery to rents remaining in the defendant's hands when the receivers made a demand upon it, or to include not only those, but any further rents which it may receive thereafter during its administration. We meant the second: The demand was important only to protect the defendant against personal judgment for any sums innocently paid out before the receivers made a demand upon it.