PRUDENTIAL INS. CO. OF AMERICA v. LAND ESTATES, Inc.

In re LAND ESTATES, Inc.

District Court, S. D. New York.

June 14, 1941.

Greenbaum, Wolff & Ernst, of New York City (Louis Kerr, of New York City, of counsel), for receiver.

Alexander E. Klupt, of New York City, for Adrian P. Burke, Trustee of Series C–3 New York Title & Mortgage Co.

MOSCOWITZ, District Judge.

This is an application by the equity Receiver of Land Estates, Inc., for an order directing the Trustee of Series C–3 New York Title and Mortgage Company issue, to repay to the Receiver of Land Estates, Inc., the defendant, the sum of $1,798.79 allegedly representing erroneous payments heretofore made by the Receiver to the said Trustee or his predecessor or predecessors in interest. The Trustee objects first because he contends the Court lacks jurisdiction to entertain this application and secondly because the sum is not properly due.

The jurisdictional question raised herein is substantially similar to that raised in Goldman v. Staten Island Nat. Bank & Trust Co., 2 Cir., 98 F.2d 496. In that case the Circuit Court of Appeals held that receivers appointed under a creditors' bill, as in this case, may file ancillary suits in this Court to collect the assets of the corporation. On the authority of that case, therefore, the jurisdictional objection is dismissed.

The Trustee objects, moreover, to the Receiver's contention that all of the above sum represented monies properly deductible from gross rents and therefore recoverable within the principles laid down in Prudential Ins. Co. of America v. Liberdar Holding Corporation (Same v. Land Estates, Inc., Van Schaick v. Williams et

al.), 2 Cir., 72 F.2d 395, as to proper charges against rents. As pointed out in Goldman v. Staten Island Nat. Bank & Trust Co., supra, this issue cannot be resolved on papers alone and must therefore be made the subject of a hearing before a Special Master.

Settle order on notice.