JEHIEL HYMES, Appellant, *v.* WILLIAM ESTEY et al., as Executors, Respondents.

The rule that where a portion of land conveyed with covenant of warranty was, at the time of conveyance a public highway, and used as such, this is not a breach of the warranty, rests upon the presumption arising from the opportunity furnished the purchaser by the apparent existence or use of the highway to take notice of it, and in such case he is charged with knowledge and is to be presumed to have purchased with reference thereto.

The rule does not apply where, at the time of the conveyance, there was no indication, or notice, actual or constructive, of the existence of a highway or public easement; in such case where there is a subsequent appropriation for a highway by the public in the exercise of a pre-existing right, of a portion of the land conveyed, this is a breach of the covenant.

*Whitbeck* v. *Cook* (15 J. R. 483); *Huyck* v. *Andrews* (113 N. Y. 85); *Patterson* v. *Arthurs* (9 Watts, 152); *Wilson* v. *Cochran* (46 Penn. St. 229) distinguished.

In an action for breach of a covenant for quiet enjoyment in a deed of
land situate in the village of I., it appeared that plaintiff was evicted
from a portion of the premises by the village under a claim that the
same had been dedicated to the public use as a street. Plaintiff's evidence
tended to show that he purchased without any notice of the public ease-
ment and that there was no indication of any street upon the premises.
By the judgment, in the action by the village, under which the plaintiff
was evicted, it was found that the strip of land in question had been
dedicated by a former owner as a street, and that it "was thereupon
accepted, improved and maintained as a public street by said village, and
had been used, occupied and maintained as a public street or passage-
way for persons and teams for the period of more than twenty-five years
last past." It was claimed by defendant that said judgment concluded
plaintiff from questioning the fact as to the use and occupancy of the
land in question as a public way. *Held*, untenable; that the only issue
necessarily involved in the former action was as to whether there was in
the public a right to the strip of land as and for a street, and to that
extent the judgment was conclusive; but as to whether the land was used
as a street, or open or visible as such, were not questions legitimately
within its purview or essential to be determined; and so plaintiff was
not concluded.

(Argued October 25, 1889; decided November 26, 1889.)

APPEAL from judgment of the General Term of the Supreme
Court in the fourth judicial department, entered upon an
order made November 15, 1887, which affirmed a judgment
in favor of defendant, entered upon an order nonsuiting
plaintiff on trial.

The nature of the action and the material facts are stated
in the opinion.

*F. E. Tibbetts* and *J. H. Jennings* for appellant. The law that
the existence of a highway across premises conveyed by deed,
containing the usual covenant of quiet enjoyment, is not such
a breach of the covenant as to allow the grantee to maintain an
action therefor, must be founded upon the presumption that the
purchaser had either actual or constructive notice of the exist-
ence of such highway, and this, like all presumptions, may be
rebutted or overthrown by showing the absence of such notice.
(*Patterson* v. *Arthurs*, 9 Watts, 154; *Memmert* v. *McKeen*,
112 Pa. 321; *Rea* v. *Minkler*, 5 Lans. 202; *Hubbard* v. *Nor-*

*ton,* 10 Conn. 422; *Jarvis* v. *Butterick,* 1 Metc. 480; *Harlow* v. *Thomas,* 15 Pick. 66; 2 Hilliard on Real Prop. 604.) A judgment is not *res adjudicata,* or a bar to any matters, except such as are expressly adjudicated. (*Woodgate* v. *Fleet,* 44 N. Y. 1; *People ex rel.* v. *Johnson,* 38 id. 63; *Sweet* v. *Tuttle,* 14 id. 465; *Smith* v. *Weeks,* 26 Barb. 463; *Bell* v. *Merrifield,* 109 N. Y. 203; *Belden* v. *State,* 103 id. 1, 8; *Palmer* v. *Hussey,* 87 id. 303.) The defendants, as the representatives of Joseph Esty, the grantor of Todd, are estopped from denying that this corner was included in the conveyance from Esty to Todd, and are also estopped from denying their liability upon the covenant in the deed. (*Otis* v. *Still,* 8 Barb. 102; *Rice* v. *Dewey,* 44 id. 455; *Winegar* v. *Fowler,* 82 N. Y. 315; *Woodruff* v. *Morris Institute,* 33 N. J. L. 174; *Corkhill* v. *Landers,* 44 Barb. 208.)

*D. C. Bouton* for respondents. The decision of the Special Term and the judgment entered thereon, in the case of the village of Ithaca against the plaintiff and appellant herein, were conclusive upon both parties to this action. Both are equally estopped from controverting the matters therein and thereby adjudicated. (*Tuska* v. *O'Brien,* 68 N. Y. 446; Bishop on Estoppel, 66, 67; *Kip* v. *Bingham,* 6 Johns. 158; *Ermbury* v. *Conner,* 3 N. Y. 522; *Clemens* v. *Clemens,* 37 id. 74; *Harris* v. *Harris,* 36 Barb. 88; *Chamberlain* v. *Preble,* 11 Allen, 370; *Barton* v. *Worthington,* 10 Gray, 496; *Littleton* v. *Richardson,* 34 N. H. 179; *Riley* v. *Seymour,* 1 Wend. 143; *Thomas* v. *Hubbell,* 15 N. Y. 405; *Castle* v. *Hayes,* 14 id. 332; *Leavitt* v. *Wolcott,* 95 id. 212; *Dunham* v. *Bower,* 77 id. 76; *Collins* v. *Burnett,* 46 id. 490; *Bellinger* v. *Craique,* 31 Barb. 534.) An estoppel of a judgment extends not only to what it affirms or denies, expressly, but to so much of the pleadings and evidence as must necessarily have been considered by the court in proceeding to judgment. (*Lorrillard* v. *Clyde,* 102 N. Y. 59.) To constitute an effectual dedication to the public, there must be an acceptance. (*Rozell* v. *Andrews,* 103 N. Y. 150; *Avery*

v. *N. Y. C. R. R. Co.*, 106 id. 142.) This acceptance may be evidenced by proof of a formal, official act, being of record; or, wanting that, the acceptance may be established by proof of user by the public. The latter mode of substantiating a claim of acceptance is ineffectual unless the user be clearly and definitely established by competent evidence; and even this is not enough unless the user proved is identical in purpose with that of the dedicator. (*Holdane* v. *Village of Cold Spring*, 21 N. Y. 479; *Strong* v. *City of Brooklyn*, 68 id. 1; *N. F. S. B. Co.* v. *Bachman*, 66 id. 261.) A dedication of land for public use may be presumed from use alone, without any positive assent on the part of the owner. (*Gould* v. *Glass*, 19 Barb. 195; *People* v. *Lochfelm*, 102 N. Y. 1; *Pomfrey* v. *Village of Saratoga Springs*, 104 id. 459.) The estoppel of a former judgment extends to every material matter within the issue which was expressly litigated and determined, and also to those matters which, although not expressly determined, are comprehended and involved in the thing expressly stated and decided, whether they were or were not actually litigated or considered. (*Pray* v. *Hegeman*, 98 N. Y. 358; *C. P. & M. Co.* v. *Walker*, 114 id. 7; *Aurora City* v. *West*, 7 Wall. 82; Herman on Estoppel, § 290.) In contemplation of law the parties to every conveyance of land are upon the premises, and have a personal view thereof. (*Wendell* v. *People*, 8 Wend. 190; *Schoonmaker* v. *Davis*, 44 Barb. 463; *Harsha* v. *Reed*, 45 N. Y. 415; *Whitbeck* v. *Cook*, 15 Johns. 491; *Huyck* v. *Andrews*, 113 N. Y. 81.) There being no fraud or mistake alleged, the deed and map alone furnish the evidence of what was embraced in and passed by the conveyance, and all extraneous evidence is incompetent. (*Hathaway* v. *Power*, 6 Hill, 453, 459; *Tymason* v. *Bates*, 14 Wend. 671; *Waugh* v. *Waugh*, 28 N. Y. 94; *Lawrence* v. *Palmer*, 71 id. 607; *Drew* v. *Swift*, 46 id. 208–209; *Cornell* v. *Todd*, 2 Denio, 130; *Clark* v. *Baird*, 9 N. Y. 183; *Mott* v. *Richtmyer*, 57 id. 49.) There being no ambiguity in the deed, parol evidence could not be received, even if it were credible, of what the grantor intended

to convey any more than of any other extrinsic fact. (_Mott_ v. _Palmer_, 1 N. Y. 574 ; _R. R. Co._ v. _Trimble_, 10 Wall. 367.)

Bradley, J. The action was brought for an alleged breach of covenant of warranty, commonly known as covenant for quiet enjoyment, in a deed made by the defendants' testator conveying to Byron A. Todd, lot 1, in block 88, in the village of Ithaca, and which the latter by deed, with like covenant, afterwards conveyed to the plaintiff. The alleged breach was the eviction of the plaintiff, by the village of Ithaca, from a portion of the lot which had, before such conveyance to Todd, been appropriated as a part of a public street. The trial court held that no breach resulted from such appropriation and eviction, and nonsuited the plaintiff. It must be deemed the settled doctrine in this state, that the fact that part of land conveyed with covenant of warranty was at the time of conveyance a highway, and used as such, is not a breach of the covenant. This is so for the reason that the grantee must be presumed to have known of the existence of the public easement, and purchased upon a consideration in reference to the situation in that respect. ( _Whitbeck_ v. _Cook_, 15 Johns. 483 ; _Huyck_ v. _Andrews_, 113 N. Y. 85.) And such is the rule in Pennsylvania. (_Patterson_ v. _Arthurs_, 9 Watts. 152 ; _Wilson_ v. _Cochran_, 46 Penn. St. 229.)

But it is contended, on the part of the plaintiff, that such presumption did not arise in this instance, because there was at the time of the purchase by his grantor, or by him, no indication of a street upon the lot ; and that the court erred in refusing to submit to the jury the question whether, at the time of the purchase of Todd from Esty the strip of land in question was actually and so obstructed as to preclude the presumption of any public easement there ; and whether there was then, or at the time of the plaintiff's purchase, any indication of a public street there ; also, whether the plaintiff had notice, either actual or constructive, of the public easement ; and whether the land in question was embraced in the

· conveyance of Esty to Todd. The defendants' testator took title by deed in September, 1847, and conveyed May 1, 1869, to Todd, who made the conveyance to the plaintiff in August, 1876.

The conclusion was warranted by the evidence that neither Todd or the plaintiff had any knowledge, at the time of the purchases by them, respectively, of the existence of any street or of the right in the public to one upon the lot. That fact of itself is probably not important if the situation was such as to indicate it. This lot is bounded on the east by Tioga street, and it is claimed, and there is some evidence tending to prove, that the north-east corner of the lot extended to, or very near to, Cascadilla creek, which runs north-westerly. The complaint is that the plaintiff was evicted from twelve and a half feet in width, at that corner next to the creek. There is evidence tending to prove that, in 1848, Esty caused three oak piles to be driven in the creek at this corner; and that he then claimed to own the land to where the piles were placed; that when Todd purchased Esty claimed that the north-east corner of the lot went into the creek; that there was then no indication of a highway or street there, but that the fence extended to within two feet of the creek, at which point was located the fence post, and that the post and the fence there had the appearance of having been standing a long time; that the situation was not changed any at the time of the plaintiff's purchase except, that the north panel of the fence had been taken out simply to enable the occupant of the lot to pass from Tioga street to a barn erected on the back end of the lot; and that there were some other apparent obstructions, further down the creek, to the use of its bank as a public street.

In 1881, the village of Ithaca commenced an action against the plaintiff to enjoin him from maintaining, as he persisted in doing, a fence at the north-east corner of the lot extending near to the creek, and that action resulted in a judgment perpetually restraining him from maintaining a fence nearer than twelve and a half feet from the creek, which space was

determined to be within a public street, extending along the southerly bank of the creek from Tioga street on the east, down the creek to Sears street. And from the record in that action it appears that a strip of land there twelve and a half feet in width, had been dedicated to the public use as a street more than twenty years before the controversy between the parties to that action arose.

Upon this state of facts arises the question whether it was properly held, as matter of law, that the conveyance must, in effect, be deemed to have been made to Todd or to the plaintiff subject to the public easement, although the conclusion of fact was permitted that they severally purchased without any notice of it, and that there was then no indication of any street on the premises. To so hold is going further than did the court in *Whitbeck* v. *Cook.* There it was properly assumed that the highway was in use, as such, and may have been seen by the purchaser, that he must be presumed to have known of its existence, and, therefore, purchased in reference to it. Such were substantially the views of the court in *Wilson* v. *Cochran.* And in *Patterson* v. *Arthurs,* Mr. Justice KENNEDY, in delivering the opinion of the court, said, that "it is fair to presume that every purchaser, before he closes his contract for his purchase of land, has seen it and made himself acquainted with its locality, and the state and condition of it, and consequently if there be a public road or highway open or in use upon it, he must be taken to have seen it, and to have fixed in his own mind the price that he was willing to give for the land with reference to the road." In the later case in that State, of *People's Savings Bank* v. *Alexander* (3 Cent. Rep. 388), it was held that the fact that a street had been lawfully laid out and not opened, was such a defect in the title which the vendor had undertaken to convey as to relieve the purchaser from the obligation to perform his executory contract of purchase. The only other case in our state referring to the subject, to which our attention has been called, is *Rea* v. *Minkler* (5 Lans. 196), where it was held that the existence of a private way on the premises, conveyed with warranty, con-

stituted a breach of the covenant. And there Mr. Justice Miller, after citing the Whitbeck case and assuming that it went to the extent of holding that a highway in existence at the time of the sale, and for a long time previously, is not a breach of a covenant of warranty, he thought there was a broad distinction between a public and private right of way, and added: "While the latter might be unknown to a purchaser, the former running through a farm, would be seen when purchased."

So far as relates to a private right of way, this is supported by *Huyck* v. *Andrews* (*supra*). The exemption of the easement of the public in a highway, from the operation of the covenant of warranty, evidently rests upon the presumption arising from the opportunity furnished to the purchaser by its apparent existence or use, to take notice of it, and when that is the situation the purchaser is charged with knowledge of it. But when no such opportunity exists, and no means of notice of the existence of the right to a public easement is open to observation upon the premises, there is no well-founded reason to support the proposition that the subsequent appropriation by the public, in the exercise of such pre-existing right of a portion of the land conveyed, is exempt from the operation of the covenant of warranty. In such case it cannot be said that the purchaser, without notice of the existing burden upon the land, has taken title in reference to it, or that he gets all the proprietary right in the premises which he is permitted to assume was assured to him by the covenant of his grantor.

That is within it which, in view of the apparent situation, the deed purports to convey. (*Mott* v. *Palmer*, 1 N. Y. 564.) It would not include the public easement in an open, visible highway or street.

From these views it follows that the trial court should have submitted to the jury the propositions as requested, and that the direction of the nonsuit was error, unless the plaintiff was concluded upon those questions by the judgment-record in the former action. It there appears that the court found that,

more than twenty years prior to the time that cause of action arose against the defendant therein (plaintiff here), the strip of land was dedicated by the owner to the public use as a street; that it "was thereupon accepted, improved and maintained as a public street by said village, and has been used, occupied and maintained as a public street or passage-way for persons and teams for the period of more than twenty-five years last past." The judgment entered upon the decision, perpetually enjoining the defendant in that action from obstructing the passage by the public over that strip of land, was conclusive upon him and his privies as to the matters determined, and as to all matters which the parties may have legitimately litigated and had determined in that action. (*Jordan* v. *Van Epps,* 85 N. Y. 427; *Pray* v. *Hegeman,* 98 id. 351; *Bell* v. *Merrifield,* 109 id. 203.) But a judgment is *res adjudicata* as to those matters only, which are within the subject-matter of the litigation and those which, as incidental to or essentially connected with it, might legitimately have been litigated in the action.

The question, and the only issue necessarily involved in the former action, was whether there was in the public the right to the strip of land as and for a street, and when the existence of such easement was determined, the purpose of the action was accomplished. To that extent the adjudication is conclusive upon the plaintiff. But whether the place was used as a street, or open or visible as such at the time of the sale by Esty to Todd, was not, so far as appears, legitimately within the purview of that action, or essentially for any purpose involved in its determination. That fact, therefore, was not material to that controversy, and for that reason the plaintiff in this action for breach of covenant is not concluded by any expressions in that respect in the findings of the court in the former action. (*People ex rel.* v. *Johnson,* 38 N. Y. 63; *Sweet* v. *Tuttle,* 14 id. 465; *Woodgate* v. *Fleet,* 44 id. 1; *Stowell* v. *Chamberlain,* 60 id. 272; *Belden* v. *State,* 103 id. 1; *Cromwell* v. *County of Sac.,* 94 U. S. 351.)

In the view taken, this action and its purpose may be con-

sistent with the existence in the public of the right which the village of Ithaca in the former action sought to have determined. It does not appear that such right was dependent upon continuous user by the public. Nor can it be assumed, from what appears by the record before us, that such user was essential to render the dedication and acceptance effectual to support the public easement.

No other question seems to require consideration.

The judgment should be reversed and a new trial granted, costs to abide the event.

All concur, except Follett, Ch. J., and Haight, J., not sitting.

Judgment reversed.