JOHN J. CALLANAN, Respondent, *v.* EMILY M. KEENAN, as Executrix of DANIEL F. KEENAN, Deceased, Appellant.

**Real property — covenants of warranty and quiet enjoyment — recovery may be had for breach even though covenantee knew of incumbrances — when grantee of land, part of which had been appropriated by state prior to conveyance, may recover against grantor for subsequent eviction even though he knew of the appropriation at the time of his purchase.**

1. A covenantor in a conveyance may not escape liability under his conveyance by assigning or offering to assign to the covenantee a cause of action against a third party.

2. In nearly all cases, except that of an existing public highway, the knowledge by the grantee of existing easements or incumbrances or defects in the title conveyed to him does not defeat his right to recover damages for the breach of covenants contained in the deed. (*Huyck* v. *Andrews*, 113 N. Y. 81, followed.)

3. The plaintiff, the lessee of land on which he operated a quarry and stone crushing plant, transferred to defendant's testator the lease and property on the leased land, and also by a deed, containing covenants of warranty and quiet enjoyment, conveyed the title in fee of a strip of land, part of which had been appropriated by the state for the barge canal. The vendor had been remitted to the Board of Claims for compensation, although he remained in possession thereof and his claim against the state for the value of the parcel taken was assigned to defendant's testator. From the leased land and across the strip of land in question, including the part appropriated by the state, there was a railroad track, or spur, connecting the stone crushing plant with the main line of a railroad. This track was the only practical means of communication with the quarry and was essential to its operation. After defendant's testator had purchased the property and taken possession thereof the state evicted him from the land appropriated by it. Thereafter this action was begun by the vendor to foreclose a chattel mortgage on the personal property at the stone crushing plant, given by defendant's testator to secure part of the purchase price of the property and to recover the amount due thereon. The answer, among other defenses, alleged as a counterclaim damages for the breach of warranty and quiet enjoyment. The trial court held that the defendant could not

recover on the counterclaim. *Held,* that in the absence of evidence permitting a conclusion that the assignment operated as an estoppel, the suggestion that defendant's testator had a right of recovery against the state and that, therefore, the defendant may not recover on the counterclaim, cannot be sustained. *Held further,* that the Appellate Division erred in affirming the judgment upon the ground that defendant's testator knew, when he accepted the deed, that the strip of land in question had been taken, or was to be taken, by the state, and, hence, that he was not protected by the covenant.

4. Even if the theory of damages adopted by the defendant was improper, the defendant was at least entitled to nominal damages, and the denial of the right to such damages constitutes an error for which the judgment should be reversed,

*Callanan* v. *Keenan,* 179 App. Div. 405, reversed.

(Argued October 7, 1918; decided November 19, 1918.)

Appeal, by permission, from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered July 9, 1917, unanimously affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Charles Irving Oliver* for appellant. Defendant is entitled to judgment on the first counterclaim for damages for breach of the covenants of quiet enjoyment and warranty. (*Hunt* v. *Raplee,* 44 Hun, 149; *Jenks* v. *Quinn,* 61 Hun, 427; 137 N. Y. 233; *Campbell* v. *Bentley,* 159 App. Div. 522; *Hunt* v. *Hay,* 214 N. Y. 578.) The additional finding by the Appellate Division as to the knowledge of Keenan of a possible defect in the title to the real property does not deprive him of his remedy for the breach of the covenant contained in the deed. (*Brown* v. *Taylor,* 4 L. R. A. [N. S.] 309; *Barlow* v. *Delaney,* 40 Fed. Rep. 97; *Townsend* v. *Weld,* 8 Mass. 146; *Demars* v. *Koehler,* 62 N. J. L. 203; *Loyd* v. *Quinby,* 5 Ohio St. 262; *Smith* v. *Lloyd,* 29 Mich. 382; *Gragg* v. *Wagner,* 71 N. C. 316; *Jaques* v. *Esloe,* 4 N. J. Eq. 463; *Ireton* v.

*Thomas,* 32 L. R. A. [N. S.] 737; *Simons* v. *Diamond Match Co.,* 159 Mich. 241; *Doyle* v. *Emerson,* 145 Iowa, 358.) Keenan's acceptance of an assignment of Callanan's claim against the state does not deprive defendant of her right to recover damages for breach of the covenant. (*Champlain S. & S. Co.* v. *State,* 142 App. Div. 94; 205 N. Y. 539.)

*J. Harris Loucks* for respondent. The defendant is entitled to no damages from the plaintiff for the alleged breach of covenant of title. (*Ahearns* v. *Kent,* 24 Wkly. Dig. 147; *Bank of Beloit* v. *Beale,* 34 N. Y. 473; *Sanger* v. *Wood,* 3 Johns. Ch. 416; *Cheeseman* v. *Sturgess,* 9 Bosw. 247; 1 Jones' Law of Real Property & Conveyancing, 721, § 912; *Ake* v. *Mason,* 101 Penn. St. 17; *Dyer* v. *Wightman,* 66 Penn. St. 425; *Dobin* v. *Brown,* 12 Penn. St. 80; *Cooper* v. *Bloodgood,* 32 N. J. Eq. 209; *Folts* v. *Huntley,* 7 Wend. 210; *Weeks* v. *Grace,* 9 L. R. A. [N. S.] 1092; *Kip* v. *N. Y. & H. R. R. Co.,* 67 N. Y. 227.)

ANDREWS, J. The trial court has found that. John J. Callanan was. operating a quarry and stone crushing plant at Tub Mountain in Washington county. Tub Mountain itself and a strip of land bounded on the west by the easterly bank of Wood creek was held by him under a lease. He owned in fee a second strip of land bounded on the east by the westerly bank of Wood creek and on the west by the tracks of the Delaware and Hudson Railroad Company. The quarry buildings and machinery were situated on the leased land. From them extending westerly to the tracks of the Delaware and Hudson railroad and crossing Wood creek on a trestle there had been built a spur track over which the stone taken from the quarry was shipped. This track was the only practical means of communication with the quarry and was essential to its operation. The fee of the bed

of Wood creek which thus separated the land owned by the plaintiff from that leased by him was in the state of New York. When the state undertook to construct its barge canal it found that it needed for that purpose a portion of the property owned by the plaintiff under his deeds consisting of about 46/100 of an acre bounded on the east by the bank of Wood creek and on the west by a line substantially parallel thereto. On April 13, 1908, it acquired the fee of the parcel referred to and on that day entered upon and appropriated it for canal purposes. The plaintiff was remitted to the Board of Claims for compensation. Notwithstanding this fact Mr. Callanan remained in physical possession of the land in question.

Under these circumstances the defendant's testator began to negotiate with the plaintiff for the purchase of this property. These negotiations resulted successfully on July 30, 1908. The personal property and the lease of the land east of Wood creek were transferred to Mr. Keenan and the property west of Wood creek, including that which had been appropriated by the state, was conveyed to him by a deed containing covenants of quiet enjoyment and of warranty. In consideration therefor Mr. Keenan paid to the plaintiff $60,000 in cash and secured $30,000 by a chattel mortgage upon the personal property. Of this $30,000, $15,679.69 has been paid, leaving due as principal and interest $18,568.32. Sometime after he went into possession Mr. Keenan was evicted by the state of New York from the land appropriated by it.

This action was begun to foreclose the chattel mortgage and recover the amount still due thereon. The answer, among other defenses, alleged as a counterclaim damages for breach of the covenants of warranty and quiet enjoyment contained in the deed.

The trial court held that there could be no recovery notwithstanding the above findings. It states in an

1918.]                Opinion, per ANDREWS, J.              [224 N. Y.]

opinion that the land held by Mr. Keenan under the lease and under the deed were not adjoining pieces of property. They were separated by Wood creek owned by the state. Therefore, when the state appropriated the strip of land west of Wood creek no consequential damages suffered by the quarry on the leased land could be recovered. " It was a seizure of a distinct, separate and entire block of land, enjoying no easement over other land and subject to none. Nothing but this block of land was taken. Therefore for its loss nothing was recoverable from the state except the value of the parcel considered alone. Had title come to Keenan his recovery would so have been limited. Clearly his loss from failure to receive title could not be greater than the sum so recoverable. Now, the claim of Callanan for damages for this seizure was assigned to Keenan. Thereby his position was rendered identical with the position enjoyable by him had title passed. Recovery on the warranty is therefore not to be had." In other words, as we understand it, the evidence shows an assignment of Callanan's claims against the state to Keenan. The latter presented this claim. Because he might have a remedy against the state of New York and could recover from the state compensation for the land taken, he was limited to that remedy and could not recover from Callanan under the covenants. To this proposition we cannot agree. Undoubtedly if Keenan had accepted from Callanan an assignment of his claims against the state of New York unexplained it would be assumed that this assignment constituted an election on Keenan's part to recover against the state for any loss which he might sustain by reason of his failure of title to the strip in question and he would be estopped under such circumstances from a recovery against Callanan under the covenants. But there is no finding upon the subject and the evidence would permit a conclusion that the

assignment was made under such circumstances as would negative the theory of estoppel. This being so the suggestion that Keenan had a right of recovery against the state of New York and that, therefore, he may not recover of Callanan cannot be sustained. A covenantor may not escape liability under his covenants by assigning or offering to assign to the covenantee a cause of action against a third party.

While the Appellate Division unanimously affirmed the judgment of the court below it seems to have based its affirmance upon a new finding made by it. It found that Keenan, when he purchased and accepted the deed, knew the location of the barge canal and knew that the property deeded was to be taken or had been taken for canal purposes and the deed was made with the mutual expectation that the grantee would acquire the use of the premises until the state actually dispossessed him and then would probably be able to obtain from the state a bridge or compensation for damages.

There is no finding of fraud or mistake which would lead to the reformation of the deed in question. Nor is any such reformation allowed or suggested by the Appellate Division. The position of that court is that because Keenan knew the facts he is not protected by the covenants. Such is not the rule. At least since the decision by this court of *Huyck* v. *Andrews* (113 N. Y. 81), it has been settled that in nearly all cases the knowledge by the grantee of existing easements or incumbrances or defects in the title conveyed to him does not defeat his right to recover damages for the breach of covenants contained in the deed. The conspicuous exception is that of an existing public highway. (*Pryor* v. *City of Buffalo*, 197 N. Y. 123–136; *Charman* v. *Hibbler*, 31 App. Div. 477; *Nathan* v. *Morris*, 62 Hun, 452; *Docter* v. *Darling*, 68 Hun, 70; *Hymes* v. *Estey*, 116 N. Y. 501.) The grantee may rely upon the covenants and when he

is ousted he may recover damages because of their breach. He does not accept the deed at his peril. If he insists upon covenants of quiet enjoyment and warranty of title being written into the deed he has the right, in spite of any knowledge or information he may have, to assume that the grantor will protect him.

It may be claimed that the theory of damages adopted by the defendant was improper; that there is no evidence offered of damages to which he is legally entitled and that, therefore, the action of the Appellate Division may be affirmed. We do not think so. We need not nor do we in this case pass upon the proper rule of damages. That question has not been argued before us. But in view of the fact that the title to nearly half an acre of land was taken by the state we must assume that some damages were sustained. At least the defendant was entitled to nominal damages and even these were not awarded to him. As we said in *Thomson-Houston El. Co. of N. Y.* v. *Durant Land Improvement Company* (144 N. Y. 34–49): " The plaintiff failed to give evidence of loss founded upon the true measure of damages. But, in any event, having established the breach of the covenant, he was entitled to nominal damages, and even these were not awarded. The referee erred in the rule of law adopted by him, in a very material respect, which rendered the question of nominal or substantial damages unimportant. The right to nominal damages, where the right thereto has been improperly denied, may not require a reversal of a judgment when it appears that on a new trial only nominal damages could be recovered. If the refusal to award them did not influence the question of costs, and the judgment would not constitute an estoppel in respect to other interests, the party whose strict right was denied might not be deemed aggrieved, and the judgment would not, perhaps, be reversed merely to vindicate a barren right. But it would be a perversion

of justice to deny a new trial in a case like the present, where the court can see that substantial damages have been suffered, but the party mistook the basis on which they should be ascertained. In such case denial of the right to nominal damages, to which in any event the party was entitled, is error for which the judgment should be reversed."

We are, therefore, of the opinion that the judgment appealed from should be reversed and a new trial ordered, with costs to abide the event.

HISCOCK, Ch. J., COLLIN, CUDDEBACK, CARDOZO, POUND and CRANE, JJ., concur. ·

Judgment reversed, etc.