GROWEN REALTY CORPORATION, Plaintiff, *v.* JOSEPH S. LEVY and Another, Defendants.

Municipal Court of New York, Borough of Manhattan, Ninth District, April 14, 1932.

*Abraham Wengrow*, for the plaintiff.

*Harry Grayer*, for the defendants.

BISSELL, J.   This is an action brought against the defendants for breach of their covenant in a full covenant and warranty deed by which they conveyed the premises in question.   The defendants herein conveyed the premises by full covenant and warranty deed to Ellen Crownholm, who conveyed the same by full covenant and warranty deed to Eva Ross, who conveyed the same by bargain and sale deed to the Growen Realty Corporation, the plaintiff in this action.   The premises in each of these deeds are described as follows: " Beginning at a point on the north-easterly side of Union Street (now 93rd Street), distant six hundred twenty-five (625) feet westerly from the northeasterly corner of Union Street and Hamilton Avenue as laid down on said map; and running thence westerly along said northeasterly side of Union Street, twenty-five (25) feet; thence northeasterly, parallel with Hamilton Avenue and part of the distance through a party wall one hundred nine (109) feet, nine (9) inches; thence southeasterly parallel with Union Street twenty-five (25) feet; and thence southwesterly and again parallel with Hamilton Avenue, one hundred nine (109) feet nine (9) inches to the aforesaid point or place of beginning.

" Being the same premises known as and by the street number 339–93rd Street.

" Together with all the right, title and interest of the parties of the first part, if any, of, in, and to the land lying in front of and adjoining the above described premises to the center line thereof."

It is conceded on the record that, subsequent to the filing of the map mentioned in the above description, the city of New York widened Union street from fifty feet to sixty feet and took away from the property in question four feet, three inches, from the southerly line thereof, and it is further conceded that, subsequent to the filing of the map, but prior to the conveyances in question in this case, the name of Union street was changed to Ninety-third street.

The first question which arises in this case is whether a covenant of warranty inures to the benefit of a remote grantee, even though the conveyance to such grantee was by bargain and sale deed. It would seem to be well settled that a covenant of warranty of title runs with the land and is transmitted to each successive purchaser, and the fact that a purchaser sells the land to another person without his covenant of warranty does not restrict the latter's right, so far as the previous warranty is concerned, to his immediate vendor, and this covenant of warranty is not conveyed by a succeeding covenant of warranty, but by the words of conveyance, and any words that convey the title convey the warranty that the vendor holds, because, as said, it runs with the land and is transmitted by the conveyance. (*Jacobs* v. *Fowler*, 135 App. Div. 713; *Jenks* v. *Quinn*, 137 N. Y. 223, at pp. 229, 230.)

It does not appear that the defendants ever owned other premises than those conveyed by them.

A careful reading of the description of the premises in question in this case shows that the premises conveyed begin at a point on the northeasterly side of Union street distant 625 feet from the northerly corner of Union street and Hamilton avenue as laid down on said map. That place or point of beginning is on the northerly side of Union street as also laid down on said map and is not a part on the street now known as Ninety-third street. It would seem well settled that, where words of a general description are followed by a particular one, and there is a discrepancy between the two descriptions, the words of the particular must prevail. (*Clarke Estate* v. *City of New York*, 165 App. Div. 873.) And where there is a reference to a lot and there is also a question of metes and bounds description, that the metes and bounds description prevails. It would likewise seem that in the present case the words, " now 93rd street," were inserted as a further and more familiar description of the term Union street, are not necessary or essential to the

description, and, if erroneous, may be regarded as surplusage. (*Johnston* v. *Long Island Investment & Improvement Co.,* 85 App. Div. 60; *Masten* v. *Olcott,* 101 N. Y. 152.)

In the conveyance made by the defendants, their grantees obtained land to a line parallel with Union street and distant 109 feet and 9 inches therefrom. Of these 109 feet and 9 inches, 4 feet, 3 inches, lay in the public highway known as Ninety-third street. There is a long-established principle of law in this State that, where a portion of the conveyed premises has been taken and is actually used as a public highway at the time of the conveyance, no action for a breach of warranty as to that portion is maintainable. In *Hymes* v. *Estey* (116 N. Y. 501, at p. 505) the court said: " It must be deemed the settled doctrine in this state, that the fact that part of land conveyed with covenant of warranty was at the time of conveyance a highway, and used as such, is not a breach of the covenant. This is so for the reason that the grantee must be presumed to have known of the existence of the public easement, and purchased upon a consideration in reference to the situation in that respect. (*Whitbeck* v. *Cook,* 15 Johns, 483; *Huyck* v. *Andrews,* 113 N. Y. 81, 85.) " To like effect is *Neeson* v. *Bray* (19 N. Y. Supp. 841) and *Callanan* v. *Keenan* (224 N. Y. 503, at p. 508).

Under the circumstances in question in this case, it would appear, therefore, that no action would lie for breach of warranty as to the portion of the premises conveyed, taken and used for the public highway now known as Ninety-third street, and that the defendants herein never conveyed or purported to convey any title to the premises between a line parallel with the northerly side of Union street and 109 feet, 9 inches, northerly therefrom, and a line parallel with the northerly side of Union street and 114 feet distant northerly therefrom, which were the premises which the plaintiff herein obtained by its quitclaim deed offered in evidence in the case, for which it paid the sum of fifty dollars.

As the plaintiff in question herein obtained all the premises conveyed to it, except such as were used for the public highway, at the time not only of the conveyance to it, but of the original conveyance by the defendants herein, judgment is granted to the defendants, and the action is dismissed.