SPRUCE HILL HOMES, INC., Respondent, *v.* CHARLES LA M. BRIEANT et al., Appellants.

Argued March 2, 1942; decided June 4, 1942.

*Lawrence E. Bobker* and *Normington Schofield* for appellants, The right of way by necessity being in existence at the time of the full covenant and warranty deed to the defendant Charles L. Brieant, the covenants of warranty against encumbrances and for quiet enjoyment were breached. This breach is, as a matter of law, actionable. (*Pennock* v. *Goodrich,* 104 Vt. 134; *Carbonic Acid Gas Co.* v. *Geysers Gas Co.,* 72 App. Div. 304; *Smith* v. *N. Y. C. R. R. Co.,* 235 App. Div. 262; *Falcone* v. *Benjamin,* 129 Misc. Rep. 143; *Empire Bridge Co.* v. *Larkin Soap Co.,* 59 Misc. Rep. 46; 132 App. Div. 943; *Huyck* v. *Andrews,* 113 N. Y. 81.) The verified answers and defendants' affidavits raise triable issues which necessitated denial of the motion for summary judgment. (*Dwan* v. *Massarene,* 199 App. Div. 872; *Merry Realty Co.* v. *Shamokin & Hollis R. E. Co.,* 230 N. Y. 316; *Sherwood* v. *Fincke Co.,* 196

App. Div. 97; *Lassall* v. *Pati*, 25 Misc. Rep. 561; 55 N. Y. Supp. 1084; *Simon* v. *Neef*, 160 App. Div. 46; *Lathrop* v. *Godfrey*, 3 Hun, 739; *Livingston* v. *Bauchhens*, 254 App. Div. 692; *Huyck* v. *Andrews*, 113 N. Y. 81; *White* v. *Onondaga County Sav. Bank*. 184 App, Div. 344; *Scriver* v. *Smith*, 100 N. Y. 471; *Callanan* v. *Keenan*, 224 N. Y. 503.)

*Leonard I. Schreiber* and *David H. Feldman* for respondent. The easement by adverse possession was not in existence at the time of the grant to defendants. It, therefore, could not have constituted a breach of the grantor's covenant against encumbrances. (*Bushey* v. *Santiff*, 86 Hun, 384; *Parker* v. *Foote*, 19 Wend. 309; *Nicholls* v. *Wentworth*, 100 N. Y. 455; *Ward* v. *Warren*, 82 N. Y. 265; *Hammond* v. *Zehner*, 21 N. Y. 118; *Colburn* v. *Marsh*, 68 Hun, 269.) An easement by operation of law, such as an easement by necessity, does not constitute a breach of the covenants contained in the deed to defendants. (*Rea* v. *Minkler*, 5 Lans. 196; *Eller* v. *Moore*, 48 App. Div. 403; *Huyck* v. *Andrews*, 113 N. Y. 81; *Fritz* v. *Tompkins*, 18 Misc. Rep. 514; 168 N. Y. 524; *Outerbridge* v. *Phelps*, 45 N. Y. Super. Ct. 555; *Smith* v. *N. Y. C. R. R. Co.*, 235 App. Div. 262; *Empire Bridge Co.* v. *Larkin Soap Co.*, 59 Misc. Rep. 46; 132 App. Div. 943; *Reed* v. *Blum*, 215 Mich. 247; *Adams* v. *Marshall*, 138 Mass. 228; *Adams* v. *Conover*, 87 N. Y. 422.)

*Per Curiam.* Plaintiff brought suit to foreclose a purchase money mortgage and, after answer and reply, moved for judgment pursuant to rule 113 of the Rules of Civil Practice and section 476 of the Civil Practice Act. We are concerned with the third affirmative defense and counterclaim which sets up a breach, by the predecessors in title of defendants, including plaintiff's assignor, of covenants of quiet enjoyment and freedom from encumbrances by reason of the fact that there existed across the land at the time of conveyance a private right of way by necessity in favor of an adjoining owner. One Couch at one time owned both defendants' land and that of the adjoining owner. He first conveyed to the adjoining owner, and thereby a way of necessity to a highway, in favor of the adjoining owner, across the land now owned by defendants, passed by the grant. (*Brigham* v. *Smith*, 4 Gray [Mass.], 297.) Such an easement constituted a violation of the covenants mentioned

above whether or not the covenantee had knowledge of its existence. He was entitled to rely upon the covenants of his grantor. (*Callanan* v. *Keenan,* 224 N. Y. 503; *Hymes* v. *Estey,* 116 N. Y. 501, 507, 508; *Huyck* v. *Andrews,* 113 N. Y. 81, 85, 89–91; *Pennock* v. *Goodrich,* 104 Vt. 134.)

Triable issues are, therefore, presented with reference to the third affirmative defense and counterclaim.

The judgment of the Appellate Division should be modified by reversal of the order granting summary judgment as to the third affirmative defense and counterclaim, and as so modified affirmed, with costs to the appellant in this court and in the Appellate Division.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Judgment accordingly.