JOHN B. PETTERSON and MARY A. PETTERSON, Respondents, v. RADSPI REALTY & COAL CORP. and RICHMOND COUNTY FEDERAL SAVINGS AND LOAN ASSOCIATION, Appellants.— Action for rescission. Judgment declaring a full covenant and warranty deed delivered by Radspi Realty & Coal Corp. to the plaintiffs to be null and void, and awarding judgment for the consideration paid to the grantor by the plaintiffs, affirmed, with costs. Order denying motion to reopen the trial and adduce newly-discovered evidence affirmed, with ten dollars costs and disbursements. No opinion. Hagarty, Carswell, Adel and Close, JJ., concur; Lazansky, P. J., concurs as to affirmance of the order but dissents as to affirmance of the judgment and votes to reverse the judgment and to dismiss the complaint, with the following memorandum: The city map was filed in 1916. The property herein was conveyed in 1940. No eminent domain proceeding has been commenced. There was no finding of misrepresentation. Building beyond the line laid out on the city map without the permit mentioned in section 35 of the General City Law is not an encumbrance. Section 35 is unconstitutional. *Headley* v. *City of Rochester* (272 N. Y. 197) is not to the contrary, although it casts a shadow in that direction.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH GEIST, Appellant.— Defendant appeals from a judgment rendered by a city magistrate, holding a Court of Special Sessions of the City of New York, Borough of Richmond, convicting him of the crime of bookmaking, in violation of section 986 of the Penal Law. Judgment unanimously affirmed. No opinion. Present — Lazansky, P. J., Carswell, Johnston, Taylor and Close, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DAVID HENDRICKSON, Appellant.— Judgment of the County Court of Nassau County, convicting defendant of the crimes of extortion, coercion and conspiracy, reversed on the law, the indictment dismissed and the defendant discharged. The evidence adduced by the People was insufficient to establish the defendant's guilt of the crimes charged and his motion to dismiss at the close of the People's case should have been granted. Hagarty, Johnston and Adel, JJ., concur; Lazansky, P. J., and Close, J., dissent and vote to affirm.