LUCILLE BIBBER, Plaintiff, *v.* EUGENE WEBER et al., Defendants.

Supreme Court, Special Term, Queens County, February 15, 1951.

*William A. Michel* for plaintiff.

*Leo Edward Goodwin* and *Sidney N. Zipser* for defendants.

COLDEN, J. In this action to recover damages for breach of covenants contained in a deed, defendants move for an order dismissing the complaint pursuant to rules 112 and 113 of the Rules of Civil Practice.

On December 9, 1946, for a consideration of $16,000, defendants conveyed certain premises to the plaintiff and her husband by a full covenant and warranty deed. Plaintiff's husband has since died and plaintiff is now the sole owner as surviving tenant by the entirety. Part of the building on the premises conveyed encroaches upon the street as laid out on the final city map. The building was erected in 1941 pursuant to a building permit issued by the New York City department of housing and buildings, but no permit was obtained from the board of appeals, pursuant to section 35 of the General City Law, and consequently the building, as it now stands, violates the provisions of said section.

Defendants, in their moving affidavit, state: " 7. It is a matter of public record that in 1910, a map was filed indicating a proposed or ' paper ' street known as 45th Avenue or South Railroad Avenue, *which street, if and when constructed, would cut across part of the plaintiff's premises.* ° * * Should the City, after delaying for nearly a half century, decide at some future date to condemn the land lying in the bed of this ' paper ' street, it must respond in damages to the plaintiff for whatever it takes, and *it must pay the plaintiff for not only the lot, but for the house as well* and for all consequential damages. *It cannot be heard to say that the house violates General City Law, Section 35, as lying in the bed of a ' paper ' street, since*

*it issued a permit for the building of such house.''* (Italics supplied.) In their brief, defendants concede that " no issue of fact exists and the sole issue herein is one of law.''

Defendants argue that section 35 of the General City Law is unconstitutional insofar as it deprives landowners of their rights in the bed of the street while they remain owners of the fee thereof. Since none of the parties hereto has ever applied to the board of appeals for the permit mentioned in section 35, defendants are in no position to question the constitutionality of the statute. (Cf. *Kresge Co.* v. *City of New York,* 194 Misc. 645, affd. 275 App. Div. 1036, and *Headley* v. *City of Rochester,* 272 N. Y. 197, 209.)

Nor may the defendants rely upon the building permit issued by the New York City department of housing and buildings. No rights may be acquired under building permits issued in violation of law. (*Matter of Kaltenbach* v. *Board of Standards & Appeals,* 274 N. Y. 34; *Marcus* v. *Village of Mamaroneck,* 283 N. Y. 325, 330.)

Defendants also rely upon a clause in the deed which reads as follows: " Subject to covenants and restrictions, if any, of record affecting said premises, *not violated by the existing building* or buildings thereon or by the manner of the occupancy thereof; and gas, electricity and telephone easements, if any, of record affecting said premises.'' (Italics supplied.) This clause in the deed does not help the defendants. In the first place, the easement of the public highway pursuant to section 35 of the General City Law is neither a covenant nor a restriction of record, and, even if it were, it is violated by the existing building.

Neither is there any merit to defendants' contention that plaintiff has not been evicted. It has been held that an outstanding easement which materially impairs the value of the premises conveyed and " interferes with the use and possession of some portions thereof '' is a breach of the covenant although there has not been " a technical physical ouster from the actual possession of any portion thereof.'' (*Scriver* v. *Smith,* 100 N. Y. 471, 477.)

Defendants further contend that the title is not unmarketable for the reason that a title company has insured the interest of a Federal savings and loan association as mortgagee. Plaintiff's attorney, however, communicated with the solicitor of the said title company and was advised that the policy issued by said title company contains an exception with respect to section 35

of the General City Law. The solicitor further stated that in his opinion the title is unmarketable and his company would not insure it without such an exception.

Moreover, plaintiff made a contract to sell this property but the contract has been repudiated by the prospective purchasers because title companies consulted by them consider the title to be unmarketable. In any event, marketability is not determined by title companies, but by the courts, and under the decisions of our highest court, an easement is an incumbrance which renders title unmarketable. (*Spruce Hill Homes* v. *Brieant,* 288 N. Y. 309; *Huyck* v. *Andrews,* 113 N. Y. 81; *Hymes* v. *Esty,* 116 N. Y. 501.)

This brings us to a consideration of the effect of the grantee's knowledge of existing incumbrances. As a general rule " knowledge by the grantee of existing easements or incumbrances or defects in the title conveyed to him does not defeat his right to recover damages for the breach of covenants contained in the deed. The conspicuous exception is that of an existing public highway." (*Callanan* v. *Keenan,* 224 N. Y. 503, 508; *Pryor* v. *City of Buffalo,* 197 N. Y. 123, 136; *Spruce Hills Homes* v. *Brieant,* 288 N. Y. 309, *supra.*)

A public highway, if open and visible and used as such, is not a breach of the covenants " for the reason that the grantee must be presumed to have known of the existence of the public easement, and purchased upon a consideration in reference to the situation in that respect." (*Hymes* v. *Esty,* 116 N. Y. 501, 505, *supra; Huyck* v. *Andrews,* 113 N. Y. 81, *supra.*)

It is not claimed that either of the parties hereto had actual knowledge of the easement. Neither did they have constructive notice from the physical appearance of the premises. It is conceded that the street as laid out on the final city map is not physically open, visible and in use at the present time. Indeed, it appears from paragraph " 7 " of defendants' moving affidavit that the building itself encroaches upon the street as laid out on the final city map.

This brings us to the defendants' final contention that plaintiff is charged with knowledge of the public records, including the official map of the City of New York. In the earlier cases, the grantee was charged only with such notice as could be obtained from an inspection of the premises. (*Whitbeck* v. *Cook,* 15 Johns. 483; *Hymes* v. *Esty, supra.*) Where the highway was open and visible, the grantee either knew or was presumed to know of its existence. He was not, however, charged with knowledge of prior grants or easements of record. On

principle there is no apparent reason for distinguishing between prior deeds of record and filed city maps. (*Petterson* v. *Radspi Realty & Coal Corp.*, 264 App. Div. 903, affd. 290 N. Y. 645.)

Since there is no dispute as to the facts, summary judgment will be granted in favor of the plaintiff. Her damages "may be measured by the difference between the value of the land without the servitude and with it". (*City of N. Y.* v. *New York & South Brooklyn Ferry & Steam Transp. Co.*, 231 N. Y. 18, 24; *Hansen* v. *Pattberg*, 212 App. Div. 49.) That question will be referred to an Official Referee to hear and determine or to the court and a jury, whichever may be appropriate. (Rules Civ. Prac., rule 113.)

Settle order on notice.