Felix J. Aulisi, J.
This is an action to recover damages for a breach of covenant of seizin contained in a deed of conveyance to plaintiffs from the defendants of certain real property located in the town of Caldwell, Warren County.
On March 26, 1951, the premises in question were conveyed by deed containing full covenants of title, including one of seizin which was recited in the deed in the usual statutory form. It would appear that the plaintiffs are predicating their right of relief solely on the grounds of an alleged breach of the covenant of seizin and are not basing reliance on a breach of any of the other title covenants contained in the deed.
A covenant that the grantor “ is seised of the said premises described in fee simple, and has good right to convey the same ” means that the grantor at the time of the execution and delivery of the deed, is lawfully seized of a good, absolute and indefeasible estate of inheritance in fee simple, of and in all and singular the premises thereby conveyed, and that he has good right, full power and lawful authority to grant and convey the same (Real Property Law, § 253, subd. 1). A grantor who executes a conveyance of land undertakes to convey everything described in the deed, and, by a covenant of seizin, assumes to be the owner of all he undertakes to convey (Hersog v. Marx, 202 N. Y. 1). A covenant of seizin is breached if the grantor is not seized and does not have a good title at the time of the delivery of the deed. Since the covenant becomes effective on the delivery of the deed, the rights of the parties are determined by the condition of the title at that time (Hilliker v. Rueger, 228 N. Y. 11).
The premises conveyed by the plaintiffs are described in deed as having 150 feet frontage on the Glens Falls-Lake George Highway and a depth on each side of the land running in from the highway of 150 feet. The plaintiffs did not own the entire premises at the time of the conveyance as the same were described in the deed. The evidence at the trial was that in 1929 a portion of the premises as described in the deed to the defendants became vested in the County of Warren by condemnation proceedings which were brought against the plaintiffs’ predecessor in title. That portion taken by the county of the premises described in the Conveyance to the plaintiffs was not excepted in the deed that they received from the defendants.
The evidence adduced at the trial raises no question that the land acquired by the said condemnation proceedings was for the *313 purpose of widening the said highway as it then existed and that approximately 12 feet of the premises that was then owned by the defendants’ predecessor in title was taken for that purpose. The highway was widened and the 12-foot strip of land became a public easement or right of way over the lands conveyed to the plaintiffs and was existing as such at the time of the conveyance to them.
The existence of a private easement or right of way over property conveyed amounts to a. breach of a covenant of seizin, but the same is not the ease when a public easement for a highway exists. There is no inconsistency between the public’s interest in an easement or right of way over land and the vesting of a fee (Whitbeck v. Cook, 15 Johns. 483; Cortelyou v. Van Brundt, 2 Johns. 357). It is the settled rule in this State that a title covenant is not considered broken in the case of a public easement for a highway, if such easement is open and visible and used as such, and in a long line of cases a distinction is made between a private easement and a public easement.
A title covenant is broken in the case of a private easement which materially impairs the value of the premises conveyed and interferes with the use and possession of some portion thereof, and this is true notwithstanding the grantee had knowledge thereof at the time he accepted the conveyance. However, the existence of an easement for a public highway is not a breach of a title covenant where a highway was in existence and being used as such at the time of the conveyance. In the case of public easement for a highway, if open and visible and used as such, the grantee must be presumed to have known of its existence and purchased the premises with reference to the situation existing in that respect (Callanan v. Keenan, 224 N. Y. 503; Pryor v. City of Buffalo, 197 N. Y. 123; Hymes v. Esty, 116 N. Y. 501; Huyck v. Andrews, 113 N. Y. 81; Bibber v. Weber, 199 Misc. 906, affd. 278 App. Div. 973).
The evidence is clear that a public easement existed at the time of the conveyance herein, and the plaintiffs must be presumed to have notice of the public’s right to such easement and that there was an indication of the existence of the public easement on the property at the time they purchased the same from the defendants.
I, therefore, hold and decide that the defendants’ motion for a dismissal of the complaint should be granted and an order may be submitted accordingly.